PEOPLE v McKINNIE

Docket No. 131765. Submitted August 11, 1992, at Lansing. Decided
September 14, 1992; approved for publication December 10,
1992, at 9:00 A.M.

Mark T. McKinnie pleaded guilty in the Sanilac Circuit Court,
Allen E. Keyes, J., of attempted receiving and concealing stolen
property valued in excess of $100. He was sentenced to three
years' probation and ordered to pay restitution. He allegedly
violated the terms of his probation by failing to report to his
probation officer. Following an arraignment at which he de-
clined representation by appointed counsel, and a revocation
hearing, the court found him guilty of probation violation,
revoked his probation, and ordered him to serve 180 days in the
county jail. He appealed, claiming that he was not advised of
his right to counsel and did not effectively waive that right.

The Court of Appeals *held:*

The court erred in failing to advise the defendant regarding
his right to counsel at both the arraignment and the revocation
hearing. The court failed to comply with the advice and waiver
provisions of MCR 6.005(E), 6.445(B)(2)(b) and (D). The defen-
dant's judgment of sentence for probation violation must be
vacated.

Vacated.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, and *James V. Young,*
Prosecuting Attorney, for the people.

*Jeanice Dagher-Margosian,* for the defendant on
appeal.

Before: MacKenzie, P.J., and Wahls and Sulli-
van, JJ.

Per Curiam. Defendant was sentenced to a term
of three years' probation and ordered to pay resti-
tution after he pleaded guilty of one count of

attempted receiving and concealing stolen property valued in excess of $100, MCL 750.535; MSA 28.803 and MCL 750.92; MSA 28.287. Defendant thereafter violated the terms of his probation by failing to report to his probation officer. After a hearing, defendant's probation was revoked and he was ordered to serve 180 days in the county jail. He now appeals as of right and raises a single issue. The issue is meritorious; we vacate the judgment of sentence that pertains to the probation violation.

Defendant claims that he was not advised of his right to counsel pursuant to the applicable court rules and that he did not effectively waive his right to counsel. We agree. At the arraignment, the following exchange occurred:

> *The Court:* Do you wish to have the Court appoint a lawyer for you to represent you in this matter?
> *Defendant:* No.
> *The Court:* You don't? Ah, how do you plead to the charge that you didn't report on the ah, as ordered in your Probation Order?
> *Defendant:* Ah, at this time I wouldn't like to make a plea, stand mute.

The trial court proceeded to explain that a plea of not guilty would be entered and a hearing scheduled, then set bond. Defendant was not represented by counsel at the revocation hearing that was held nineteen days later. In this regard, the following occurred after the case was called:

> *The Court:* Very well. Mr. McKinnie, you are ah, Mark McKinnie?
> *Defendant:* Yes, sir.
> *The Court:* You were before the Court previously and I read the petition to you ah; asked if you

wanted counsel, you said you did not. I asked you how you pled and you said you wished to stand mute; and so today has been set as the day to proceed with this matter to find out if you have, in fact, violated your probation. Do you have any questions about that, what the proceeding is today?

*Defendant:* No.

*The Court:* If you're found not guilty, why then, of course, there'd be no probation violation; you'd be free to go. If you're found guilty, why then some other action will have to be taken; so, if you have no questions, you can have a seat there and you may proceed, Mr. Parsell.

At defendant's arraignment, the trial court failed to advise defendant that he was entitled to appointed or retained counsel at all subsequent court proceedings, although the court's reference to having representation of counsel "in this matter" seems to be an attempt to do so. MCR 6.445(B)(2)(b). More importantly, at the hearing the court failed to comply with MCR 6.445(D). This court rule requires that in a proceeding to revoke probation, where a defendant has waived counsel, the court must comply with the advice and waiver provisions of MCR 6.005(E) at each subsequent proceeding. MCR 6.005(E) requires an affirmative showing on the record that a defendant has been advised of the right to counsel and has waived the right. Before the proceedings begin, the record must show that the defendant has reaffirmed that a lawyer's assistance is not wanted; or, if a defendant requests a lawyer and is unable to afford one, one must be appointed; or a defendant who is financially able must be given a reasonable opportunity to retain a lawyer. MCR 6.005(E). None of these alternative requirements were met. A defendant has limited due process rights with regard to

a revocation hearing. *People v Rial,* 399 Mich 431, 435; 249 NW2d 114 (1976). The right to counsel, however, is fundamental and compliance with MCR 6.005(E) must be strict. *People v Kimber,* 133 Mich App 184, 188; 348 NW2d 60 (1984) (construing the former GCR 1963, 785.4[3]). We therefore vacate defendant's judgment of sentence for probation violation.

Vacated.