PEOPLE v BURKS

Docket No. 182635. Submitted October 8, 1996, at Grand Rapids. Decided
November 26, 1996, at 9:10 A.M. Leave to appeal sought.

Murone A. Burks pleaded guilty in the Ottawa Circuit Court, Edward
R. Post, J., of first-degree retail fraud and was sentenced to two
years of probation, with the first six months to be served in the
county jail. The defendant walked away from jail without permis-
sion. After he was arrested for delivery of cocaine, the defendant
pleaded guilty of violating the terms of his probation, of two counts
of delivery of less than fifty grams of cocaine, and of jail escape.
The defendant was sentenced to consecutive prison terms of six-
teen to twenty-four months for probation violation, two to four
years for jail escape, and four to twenty years for each of the con-
victions of delivery of cocaine. The defendant appealed.

The Court of Appeals *held*:

1. The defendant's rights not to be subjected to double jeopardy
were not violated when he was convicted and sentenced for jail
escape as well as for violating the terms of his probation by escap-
ing from jail. For double jeopardy protections to apply, the defend-
ant must first have been put in jeopardy by a criminal prosecution.
A probation violation hearing, however, is not a criminal prosecu-
tion. Moreover, a determination by a trial court that a probationer
has violated the terms of probation does not burden the proba-
tioner with a new conviction or expose the probationer to punish-
ment other than that to which the probationer was already exposed
as a result of the previous conviction for which the probationer
was placed on probation.

2. The trial court did not err in ordering the sentences for jail
escape and probation violation to run consecutively. Under MCL
771.4; MSA 28.1134, a sentence imposed as a result of a probation
violation essentially amounts to a revocation of the original proba-
tion order and a resentencing on the original offense as if the pro-
bation had never existed. Because the sentence the defendant
received as a result of the probation violation is entered nunc pro
tunc, it is deemed to have been in existence at the time of the jail
escape and it is that sentence, not the probationary sentence, to

which the sentence imposed for jail escape must run consecutively pursuant to MCL 750.195(2); MSA 28.392(2).

3. The cumulative effect of the sentences cannot be considered in determining the proportionality of the punishment imposed on the defendant. Each of the sentences is proportionate.

Affirmed.

1. Constitutional Law — Double Jeopardy — Jail Escape — Probation Violation.

No double jeopardy violation occurs where a defendant is convicted and sentenced for escaping from jail while there as part of a sentence of probation for a felony conviction and is also convicted and sentenced for probation violation for violating the terms of probation by escaping from jail; a probation violation hearing is not a criminal prosecution (US Const, Am V; Const 1963, art 1, § 15; MCL 750.195[2], 771.4; MSA 28.392[2], 28.1134).

2. Sentences — Probation Violations — Jail Escape.

A defendant who escapes from jail while there as part of a sentence of probation for a felony conviction and who is thereafter convicted of jail escape and of probation violation must serve the sentence imposed for jail escape consecutively to the sentence imposed for probation violation (MCL 750.195[2], 771.4; MSA 28.392[2], 28.1134).

3. Sentences — Proportionality.

The proportionality of consecutive sentences must be determined by examining each sentence separately, not by examining the cumulative effect of the sentences.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Ronald J. Frantz*, Prosecuting Attorney, and *Jon H. Hulsing*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Amy Neville*), for the defendant on appeal.

Before: Neff, P.J., and Hoekstra and G. D. Lostracco,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NEFF, P.J. In this appeal as of right, defendant challenges the convictions and sentences he received following his guilty pleas to the various charges against him. We affirm.

I

On January 17, 1994, in lower court Docket No. 94-017606-FH, defendant pleaded guilty of first-degree retail fraud, MCL 750.356c; MSA 28.588(3), and was sentenced to two years' probation, with the first six months to be served in the county jail. Defendant walked away from jail without permission and did not return. As a result, a bench warrant was issued charging defendant with violating the terms of his probation order by failing to comply with jail rules.

Defendant was subsequently arrested for delivering cocaine to an undercover informant. In October 1994, defendant pleaded guilty of violating his probation, of two counts of delivery of less than fifty grams of cocaine, MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401) (1), (2)(a)(iv), lower court Docket Nos. 94-018148-FH and 94-018150-FH, and of one count of jail escape, MCL 750.195(2); MSA 28.392(2), lower court Docket No. 94-018149-FH. In exchange for defendant's pleas of guilty to these charges, the prosecution agreed to dismiss the habitual offender, second offense, charges, to not seek sentence enhancement as a repeat drug offender, to not charge defendant with four additional counts of delivering cocaine, and to recommend a sentencing guidelines' grid classification of D-III. Defendant also agreed to cooperate with the prosecution and the police and to testify, if necessary, against his codefendants.

Following defendant's guilty pleas, the trial court sentenced him to sixteen to twenty-four months' imprisonment for the probation violation for the underlying retail fraud conviction, to two to four years' imprisonment for the jail escape conviction, and to four to twenty years' imprisonment for each of the drug convictions. All the sentences were ordered to run consecutively.

II

Defendant first argues that his double jeopardy rights were violated when he was convicted and sentenced for jail escape, as well as for violating the terms of his probation by escaping from jail. We find defendant's conviction to be proper.

Defendant has the right to be free from being placed twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15. For double jeopardy protections to apply, defendant must first have been put in jeopardy by a criminal prosecution in a court of justice. *People v Marrow*, 210 Mich App 455, 465; 534 NW2d 153 (1995), aff'd 453 Mich 902 (1996); *People v Johnson*, 191 Mich App 222, 226-227; 477 NW2d 426 (1991). A probation violation hearing, however, is not a criminal prosecution. *Id.* at 226. Moreover, a determination by a trial court that a probationer has violated the terms of the probation order does not burden the probationer with a new conviction or expose the probationer to punishment other than that to which the probationer was already exposed as a result of the previous conviction for which the probationer was placed on probation. *Id.*

Accordingly, because defendant was not put in jeopardy when he pleaded guilty of violating his pro-

bation, the trial court properly accepted his guilty plea for escaping from jail.

III

Defendant next argues that the trial court erred in ordering his sentences for escaping jail and for the probation violation to run consecutively. We find no error in the trial court's ruling.

A sentencing court may impose a consecutive sentence only if specifically authorized to do so by statute. See *People v Nantelle*, 215 Mich App 77, 79; 544 NW2d 667 (1996).

Although the trial court did not state the authority on which it relied to order consecutive sentences, defendant argues on appeal, and we agree, that if the authority exists, it is found in MCL 750.195(2); MSA 28.392(2), which provides:

> A person lawfully imprisoned in a jail for a term imposed for a felony who breaks jail and escapes . . . is guilty of a felony. A person who violates this subsection shall be imprisoned for the unexpired portion of the term of imprisonment the person was serving at the time of the violation, and any term of imprisonment imposed for the violation of this subsection shall begin to run at the expiration of that prior term of imprisonment.

Defendant argues that this statutory provision would only allow the trial court to make the sentence for escape run consecutively to the original jail and probationary sentence defendant received as a result of the retail fraud conviction. In other words, defendant argues that because he was not serving the sentence he received as a result of the probation violation when he escaped from prison but was serving the six-month jail term, the trial court exceeded its

authority in ordering the sentence for the escape to run consecutively to the sentence received for the probation violation. Defendant's argument is creative, but not persuasive.

The flaw in defendant's logic stems from his failure to test his argument against this Court's interpretation of MCL 771.4; MSA 28.1134, the statute dealing with sentences following a probation violation. That provision provides in pertinent part:

> It is the intent of the legislature that the granting of probation shall be a matter of grace conferring no vested right to its continuance. If during the period of probation it appears to the sentencing court's satisfaction . . . that the public good requires revocation of probation the court may revoke probation. All probation orders shall be revocable in any manner which the court which imposed probation shall consider applicable . . . for a violation or attempted violation of a condition of probation . . . . *If a probation order is revoked, the court may proceed to sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.* [MCL 771.4; MSA 28.1134 (emphasis added).]

In light of MCL 771.4; MSA 28.1134, this Court has concluded that a sentence imposed as a result of a probation violation essentially amounts to a revocation of the original probation order and a resentencing on the original offense as if the probation order had never existed. *People v Hardy*, 212 Mich App 318, 323; 537 NW2d 267 (1995); *People v Jones*, 207 Mich App 253, 258; 523 NW2d 888 (1994); see also *People v Alvarado*, 192 Mich App 718, 722; 481 NW2d 822 (1992) (upon revocation of probation, it stands to reason that a defendant still remains to be sentenced on the underlying offense). In other words, the sentence

imposed for the probation violation relates back to the underlying offense. *Jones, supra.*

Because the sentence defendant received as a result of the probation violation is entered nunc pro tunc, it is deemed to have been in existence at the time of the escape. That is, the original sentence of probation is rendered a nullity by the trial court's order, and the trial court properly ordered defendant's sentences for escape and probation violation to run consecutively under MCL 750.195(2); MSA 28.392(2).

IV

Finally, defendant argues that the cumulative nature of his sentences renders his punishment disproportionate to the crimes he committed. This Court, however, has held that the cumulative effect of the sentences should not be considered in determining the proportionality of the punishment. *Hardy, supra* at 320-321. Accordingly, because defendant's individual sentences are proportionate, see *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), we reject his argument and affirm the sentences imposed by the trial court.

Affirmed.