**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 3, 2001**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

MICHAEL WALTER KACZMAREK,

    Defendant-Appellant.

No. 114580

_____

BEFORE THE ENTIRE BENCH

KELLY, J.

Michael Kaczmarek was convicted of delivering marijuana[1] in August, 1994. In September, 1998, he pleaded guilty to a second probation violation. During the interim, Michigan voters approved Proposal B, which amended the state

---

[1]MCL 333.7401(2)(c).

constitution to remove the right of appeal from criminal defendants who plead guilty.[2] The change applies to crimes committed on or after December 27, 1994.  See § 3 of both 1994 PA 374 and 1994 PA 375.

The question here is whether defendant retains an appeal as a matter of right from the prison sentence imposed in the wake of his probation violation. We hold in the affirmative. Accordingly, we reverse the Court of Appeals dismissal of defendant's claim and remand for consideration of his appeal as of right.

### Background of the Case

As a consequence of his August, 1994 sale of marijuana, defendant was arrested and charged with having committed a felony punishable by up to four years in prison.[3] A jury convicted him in March 1995, and a judge pronounced a two-year sentence of probation.

Defendant violated conditions of his probation in 1996. The violation led to an order that extended the term to five years and imposed additional conditions. Two years later, he again violated his probation. As a result, in early 1999, the

---

[2]Proposal B was effective December 27, 1994.  It amended Const 1963, art 1, § 20, to state that a criminal defendant has "an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court . . . ."

[3]He was charged under the former language of MCL 333.7401(2)(c).  Later amendments and the current language appear at 1994 PA 221, 1996 PA 249, and 1998 PA 319.

judge sentenced him to a prison term of thirty-two to forty-eight months.

Defendant filed a claim of appeal with the Court of Appeals. The Court dismissed the claim on the ground that it lacked jurisdiction to hear an appeal of right in this matter. The Court ordered:

> The claim of appeal is dismissed for lack of jurisdiction because the January 29, 1999, judgment of sentence, which was based upon a plea of guilty to a probation violation that occurred after December 27, 1994, is not appealable as a matter of right. The Court finds that MCR 6.445(H) is applicable to this case because the amendment of that court rule was simply a codification of existing law. That court rule does not determine the appellate rights of a defendant by what rights existed at the time the defendant was originally sentenced. [Unpublished order, entered March 24, 1999 (Docket No. 217835).]

We granted leave to appeal. 463 Mich 892. While his appeal was pending with this Court, defendant attained parolee status, rendering his appeal arguably moot. We sometimes consider mooted questions that involve issues of public significance and are likely to recur, yet evade judicial review. *Lawrence v Toys R Us*, 453 Mich 112, 119-120; 551 NW2d 155 (1996), citing *In re Midland Publishing Co, Inc*, 420 Mich 148, 151-152, n 2; 362 NW2d 580 (1984).

The question in this case is significant because it involves appellate rights provided by the state constitution and statutes. Yet, it will evade review because others who may raise it, like defendant, also are likely to be on parole

by the time their cases reach this Court. See, e.g., *Franciosi v Parole Bd*, 461 Mich 347, 348, n 1; 604 NW2d 675 (2000). Thus, we will address this appeal on its merits.

Proposal B

Before 1994, Michigan's Constitution provided:

> In every criminal prosecution, the accused shall have . . . an appeal as a matter of right . . . . [Const 1963, art 1, § 20.]

If a defendant was convicted after pleading guilty, he had the right to be heard on appeal. *People v Smith*, 402 Mich 72; 259 NW2d 558 (1977). Likewise, he had a second appeal as of right in the event he was later found to have violated the terms of his probation. *People v Pickett*, 391 Mich 305; 215 NW2d 695 (1974).

However, those rules changed when, on November 8, 1994, voters approved Proposal B. The removal of the right to be heard on appeal for a person who had pleaded guilty took effect December 27, 1994, the effective date of the implementing legislation.[4] Specifically, the change "applies to criminal prosecutions for crimes committed on or after [that date]." The effective date is drawn from language that appears at the end of both 1994 PA 374 and 1994 PA 375. This Court also has stated that the modified procedures described in certain amendments to the court rules apply to crimes

---

[4]See 1994 PA 374, amending MCL 770.3 and 1994 PA 375, amending MCL 600.308(2)(d).

4

committed on or after December 27, 1994. 448 Mich cxiv (1995).

## Probation Violation

For Proposal B to apply to this case, there would have to have been a "criminal prosecution" for a "crime" that took place on or after December 27, 1994. Defendant's August 1994 marijuana delivery is the only "crime" involved of which defendant has been convicted or for which he has been sentenced. Though he violated his probation, "probation violation" does not constitute a separate felony in the Penal Code[5] or elsewhere.

As our Court of Appeals has explained, violation of probation is not a crime, and a ruling that probation has been violated is not a new conviction. See *People v Johnson*, 191 Mich App 222, 226-227; 477 NW2d 426 (1991); *People v Burks*, 220 Mich App 253, 256; 559 NW2d 357 (1996). "If a judge finds that a probationer violated his probation by committing an offense, the probationer is neither burdened with a new conviction nor exposed to punishment other than that to which he was already exposed . . . ." *Johnson, supra* at 226.

Instead, revocation of probation simply clears the way for a resentencing on the original offense. MCL 771.4.[6]

---

[5]MCL 750.1 *et seq*.

[6]At the time this matter arose, the language of MCL 771.4 was drawn from 1988 PA 78. The current language is taken from
(continued...)

Thus, when the judge sentenced defendant to prison in March 1999, he was sentencing him for the crime of delivering marijuana, committed in August 1994.[7]

---

[6](...continued)
1998 PA 520, which made only stylistic changes.  It states:

> It is the intent of the legislature that the granting of probation is a matter of grace conferring no vested right to its continuance.  If during the probation period the sentencing court determines that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation, the court may revoke probation.  All probation orders are revocable in any manner the court that imposed probation considers applicable either for a violation or attempted violation of a probation condition or for any other type of antisocial conduct or action on the probationer's part for which the court determines that revocation is proper in the public interest. . . .  If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made. . . .

[7]The dissent questions our view that a sentence for probation violation is merely a "resentencing" on the original criminal conviction. *Post* at 2. It asserts without authority, that "appellate remedies following probation revocation have always been governed by our court rules in the absence of explicit legislation on the subject." *Id*. Therefore, she concludes, MCR 6.445(H) should govern and limit defendant's appeal of right.

We reject this rationale. It overlooks MCL 771.4 which provides:

> If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.

Moreover, as explained in this opinion, the Legislature
(continued...)

6

Because this case arises from a criminal prosecution for a crime committed before December 27, 1994,Proposal B does not apply to this defendant. Accordingly, he retains the appeal of right that was available before it took effect.

<u>Michigan Court Rule 6.445(H)</u>

In its order dismissing defendant's claim of appeal, the Court of Appeals cited MCR 6.445(H), which currently provides:

> (1) In a case involving a sentence of incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that
>
> (a) the probationer has a right to appeal, if the conviction occurred at a contested hearing, or
>
> (b) the probationer is entitled to file an application for leave to appeal, if the conviction was the result of a plea of guilty.
>
> (2) In a case that involves a sentence other than incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that the probationer is entitled to file an application for leave to appeal.

Defendant argues that the word "conviction" in paragraphs (1)(a) and (1)(b) refers to the underlying conviction, not the probation violation, and thus subrule (H) actually supports his position.

He is incorrect. Rule 6.445 is entitled "Probation

---

[7] (...continued)
expressly described Proposal B as applying to *"crimes committed on or after December 27, 1994."* 1994 PA 374-375, § 3 (emphasis added). The only "crime" committed in this case occurred before December 1994. Thus, Proposal B does not apply.

Revocation."  It refers throughout to procedure concerning probation revocations.  Hence, it follows that the word "conviction" in paragraphs (H)(1)(a) and (1)(b) means conviction for "probation revocation."

Notwithstanding that interpretation, the defendant is correct that the language of MCR 6.445(H) does not support the dismissal of his appeal.  As was indicated at the time it was added, the court rule's new language merely implemented the 1994 amendment of article 1, § 20 of the Michigan Constitution of 1963.  459 Mich cxcviii, cxcix (1998).  It cannot be used to dismiss a claim of appeal properly filed under the constitution and the implementing legislation.

### Issues Available on Appeal

We caution that defendant's appeal of right is limited in scope. It encompasses only those issues that he could not have raised in an appeal from his 1995 marijuana conviction.  See *Pickett*, *supra* at 316-318.  Moreover, defendant's plea of guilty on the allegation that he violated his probation subsumes any factual question whether the probation was violated.  *People v New*, 427 Mich 482, 488-491; 398 NW2d 358 (1986).

Therefore, unless defendant can identify a  fundamental flaw in the revocation proceedings,[8] his present appeal as of

---

[8]*New* explains that a plea of guilty or nolo contendere waives nearly all issues arising before the plea.  With regard
(continued...)

8

right is limited to issues arising from the resentencing.

## Conclusion

Defendant's marijuana delivery, the only crime involved and for which he was placed on probation, occurred before December 27, 1994. Therefore, although defendant later pleaded guilty to a probation violation, Proposal B does not apply, and defendant is entitled to challenge the revocation of his probation by way of an appeal as of right.

For the reasons stated in this opinion, we reverse the order of the Court of Appeals and remand this case to that court for reinstatement of defendant's appeal.

CAVANAGH, WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred with KELLY, J.

---

[8](...continued)
to the plea itself, the record of the present case suggests no failure to comply with the terms of MCR 6.445(F).

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                                              No.  114580

MICHAEL WALTER KACZMAREK,

    Defendant-Appellant.

_____

CORRIGAN, J. (*dissenting*).

I respectfully dissent.  The majority concludes that defendant has an appeal of right following his plea of guilty to probation violation because the underlying crime occurred before December 27, 1994, the effective date of Proposal B and the implementing statutes.  I would hold that any defendant who pleads guilty to probation violation is limited to an appeal by leave.  The date of a probation violator's underlying crime was rendered irrelevant by virtue of our 1998 amendments of MCR 6.445(H).

By allowing an appeal of right in these circumstances, the majority misconstrues the court rule that governs this case.

The linchpin of the majority opinion is its view that

1

the sentence for probation violation is a "resentencing" for the original criminal conviction.  MCL 771.4.  The majority apparently views the appellate remedies as flowing from that word.  However, the appellate remedies following probation revocation have always been governed by our court rules in the absence of explicit legislation on the subject.  MCR 6.445(H) specifically addresses this situation and authorizes an appeal by leave only, irrespective of the date of the underlying crime.

I

In 1994, the electorate ratified Proposal B, which amended Const 1963, art 1, § 20 to allow a defendant to appeal only by leave following a guilty plea.  Const 1963, art 1, § 20 now provides:

> In every criminal prosecution, the accused shall have the right . . . to have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court . . . .

The Legislature, in turn, implemented Proposal B by amending MCL 600.308 in 1994 PA 375.  Thereafter, the Court of Appeals jurisdiction over plea-based final orders or judgments was limited to appeals by leave only.  The Code of Criminal Procedure was also amended to reflect this procedural change.  MCL 770.3(1)(e), as amended by 1994 PA 374.  The change "applies to criminal prosecutions for crimes committed on or after [December 27, 1994]."  1994 PA 375, § 3.  This Court

2

confirmed the same view when it first amended the relevant court rules. 448 Mich cxiv (1995).

I concur with my colleagues' views that probation violations are not separate crimes. They are nowhere listed in the Penal Code. Moreover, I agree with them that one rational way to view probation revocation is as a resentencing on the original offense. MCL 771.4; MCR 6.445(G). My disagreement with the majority relates to the course change this opinion represents. In treating the instant probation revocation as a resentencing, the Court rejects, at least in part, the approach it took to the problem of probation revocation in the 1998 court rule amendment.

In the absence of explicit legislative direction regarding appellate review of probation violations, our court rule amendment, effective January 1, 1999, specifically regulated appellate procedure governing probation revocations. In my view, the Court of Appeals correctly dismissed defendant's claim of appeal in its succinct order:

> The claim of appeal is dismissed for lack of jurisdiction because the January 29, 1999, judgment of sentence, which was based upon a plea of guilty to a probation violation that occurred after December 27, 1994, is not appealable as a matter of right. The Court finds that MCR 6.445(H) is applicable to this case because the amendment of that court rule was simply a codification of existing law. That court rule does not determine the appellate rights of a defendant by what rights existed at the time the defendant was originally sentenced. [Unpublished order, entered March 24, 1999 (Docket No. 217835).]

3

I would affirm that order because nothing in the language of the governing court rule makes the date of the underlying crime the triggering event in determining appellate rights following probation revocations.

The probation-revocation court rule expressly provides that a defendant who pleads guilty to a probation violation may only appeal by leave:

> (1) In a case involving a sentence of incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that
>
> (a) the probationer has a right to appeal, if the conviction occurred at a contested hearing, or
>
> (b) *the probationer is entitled to file an application for leave to appeal, if the conviction was the result of a plea of guilty.*
>
> (2) In a case that involves a sentence other than incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that the probationer is entitled to file an application for leave to appeal. [MCR 6.445(H) (emphasis added).]

This rule nowhere directs the trial or appellate court to discriminate in granting appellate rights on the basis of the date of the underlying offense. For purposes of appellate review, this Court has consistently treated probation violation as distinct from the underlying crime and sentence. In *People v Pickett,* 391 Mich 305, 316-318; 215 NW2d 695 (1974), we held that an appeal following revocation of probation is limited to matters relating to the probation

4

violation. We also held that a judgment of sentence resulting from a probation violation is a "final judgment" for purposes of appeal rights. *Pickett, supra* at 313, 316. Further, in *People v Rial,* 399 Mich 431, 435; 249 NW2d 114 (1976), this Court, following *Gagnon v Scarpelli,* 411 US 778, 782; 93 S Ct 1756; 36 L Ed 2d 656 (1973), properly recognized that probation revocation is neither part of, nor a mere continuation of, the criminal prosecution for the underlying offense.

The former MCR 6.445(H) accorded probationers a right to appeal from a sentence of incarceration. In late 1997, the Michigan Judges Association proposed an amendment because of its concern that the rule then in effect still granted probation violators a right to appeal although they no longer had a right to appeal when they pleaded guilty to the underlying offense. This anomaly persisted despite Proposal B and the amendment of MCR 6.425. This Court thereafter published the proposed rule for comment.

The only public comment on file with this Court opposed the amendment. It asserted that a defendant's appeal rights, including appeal rights from a probation revocation, are vested or fixed at the time of the original sentencing on the underlying substantive crime. The majority's view today essentially adopts the lone commenter's view. The Court rejected this argument. An obvious contrary reason is that

5

probation violations are treated like substantive offenses for purposes of appellate rights.   Thus, while a defendant is returned to the position of resentencing as far as sentencing options were concerned, the factors involved in imposing sentence are not static, and a defendant is limited on appeal to asserting matters that were raised during the probation violation hearing.  The Court apparently adopted the proposed rule after considering and rejecting the views expressed by the commenter and various rebuttal arguments.

I believe that hundreds of cases have been decided in reliance on the amended rule.  I would not repudiate that court rule.  In this case, the final judgment entered January 29, 1999, did not qualify defendant for an appeal of right. I would therefore affirm the decision of the Court of Appeals dismissing defendant's claim of appeal.