# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

BERNARD MARQUISS HILL,

       Defendant-Appellant.

UNPUBLISHED
October 20, 2016

No. 328466
Muskegon Circuit Court
LC No. 14-065082-FH

Before: SHAPIRO, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of prisoner in possession of a weapon ("PPW"), MCL 800.283(4). The trial court sentenced defendant, as an habitual fourth offender, MCL 769.12, to two years and six months to 12 years' imprisonment. We affirm.

On April 21, 2014, defendant was a prisoner at the West Shoreline Correctional Facility in Muskegon, Michigan. That day, Department of Corrections Officer Craig Baldwin received information that a group of prisoners near the prison's basketball court, including defendant, possessed weapons and were showing them to each other. As Officer Baldwin began approaching the group, the men walked away. Officer Baldwin and another officer, Dustin Richard, caught up with defendant at the front door of a prison housing unit where defendant gave Officer Richard his identification card, but then ran from them into the lobby of the housing unit. Other officers forced defendant onto the floor and placed him in handcuffs. During the ensuing strip search of defendant in the administration building, defendant pulled out a glove containing a steel spike approximately seven inches long from the groin area of his pants and gave it to Officer Richard. Defendant testified at his October 14, 2014 jury trial that after officers restrained him in the lobby of the housing unit, they performed a strip search on him in the lobby in view of others. He further testified that he did not possess a weapon at that time. Rather, defendant's testimony implied that Officer Richard took the weapon from an evidence locker and made it appear to have been defendant's weapon.

On August 25, 2015, defendant moved the trial court for an evidentiary hearing and a new trial based upon claims of ineffective assistance of counsel, the denial of an impartial jury, the denial of his right to present a defense, and a violation of his protection against double jeopardy. The trial court denied defendant's motion and this appeal followed.

-1-

Defendant first argues that the trial court erred in denying his motion for an evidentiary hearing, i.e., a *Ginther*[1] hearing and for a new trial because his counsel was ineffective for failing to call witnesses whose testimony would have corroborated defendant's testimony. Because no *Ginther* hearing was held, this Court's review of defendant's ineffective assistance of counsel claim is limited to the facts on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). We review a trial court's decisions on whether to hold an evidentiary hearing and whether to grant a new trial for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008); *People v Leonard*, 224 Mich App 569, 580; 569 NW2d 663 (1997).

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." US Const, Am VI. "[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984), (quotation marks and citation omitted). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.* at 687. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

In a claim for ineffective assistance of counsel, the defendant has the burden of first showing " 'that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment . . . .' " *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002), quoting *Strickland*, 466 US at 687. Specifically, to be deficient counsel's performance must fall "below an objective standard of reasonableness." *Strickland*, 466 US at 688. Second, the defendant must show that " 'the deficient performance prejudiced the defense.' " *LeBlanc*, 465 Mich at 578, quoting *Strickland*, 466 US at 687. "To establish prejudice, he must show a reasonable probability that the outcome would have been different but for counsel's errors." *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Defendant argues that his trial counsel was ineffective for failing to call witnesses who would have testified in favor of defendant at trial. However, there is absolutely no evidence providing any indication as to who those witnesses were or what their testimony would have been. Essentially, defendant has utterly failed to establish "the factual predicate for his claim of ineffective assistance of counsel" which he is required to do. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). By failing to establish the factual predicate of his claim, defendant has not shown that his counsel's failure to call witnesses might have made a difference at trial or that his counsel's failure to call witnesses deprived him of a substantial defense. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004); *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). Therefore, defendant's claim of ineffective assistance of counsel fails.

---

[1] *People v Ginther*, 390 Mich 436, 441-442; 212 NW2d 922 (1973).

*Strickland*, 466 US at 687. The trial court did not abuse its discretion in denying defendant's motion for a *Ginther* hearing or a new trial on the grounds of ineffective assistance of counsel.

Defendant next argues that a juror's personal acquaintance with a member of the prosecution's team denied him his constitutional right to an impartial jury. "We review constitutional questions de novo." *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009). The Sixth Amendment of the United States Constitution and Article 1, § 20 of Michigan's 1963 Constitution protect a criminal defendant's "right to be tried by an impartial jury . . . ." *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008). "Jurors are presumptively competent and impartial, and the party alleging the disqualification bears the burden of proving its existence." *People v Johnson*, 245 Mich App 243, 256; 631 NW2d 1 (2001).

Although the record contains no evidence regarding a member of the jury having an acquaintance with a member of the prosecution, there appears to be no dispute that after the parties' closing arguments, a juror waved at a member of the prosecution (an assistant prosecuting attorney) who had come into the courtroom. Defendant then asked the trial court for a sidebar. During the sidebar, the juror stated that her child was on the same sports team as a child of the member of the prosecution, though not the one that had participated in defendant's trial. However, she told the trial court that she had been unaware until closing arguments that she was acquainted with any member of the prosecution. The trial court asked the juror whether her acquaintance would affect her determination of the case. She answered that it would not. The juror at issue was "presumptively competent and impartial . . . ." *Johnson*, 245 Mich App at 256. We find that the juror's statement to the trial court that her acquaintance with a member of the prosecution would not affect her determination of the case "was sufficient to protect defendant's right to a fair trial." *Id*. Indeed, defendant has presented no evidence whatsoever to overcome the presumption that the juror was impartial. *Id*. at 257. Because there is no indication that defendant was deprived of an impartial jury, the trial court did not abuse its discretion in denying defendant's motion for a new trial or an evidentiary hearing on the grounds of jury impartiality.

Next, defendant argues that the government failed to preserve exculpatory fingerprint, DNA, and video evidence which deprived him of the right to present a defense. Defendant also appears to argue that the government suppressed exculpatory evidence. "Defendants have a due process right to obtain evidence in the possession of the prosecutor if it is favorable to the accused and material to guilt or punishment." *People v Stanaway*, 446 Mich 643, 666; 521 NW2d 557 (1994), cert den 513 US 1121; 115 S Ct 923; 130 L Ed 2d 802 (1995); see also *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 215 (1963). This Court has noted the following three-factor test for determining whether the prosecution engaged in a *Brady* violation: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *People v Bosca*, 310 Mich App 1, 27-28; 871 NW2d 307 (2015). A defendant is not required to show bad faith to prove that exculpatory evidence was suppressed in violation of due process. *Id*. at 28. In contrast to alleged suppression of exculpatory evidence, a different test is used with regard to alleged failure to preserve potentially exculpatory evidence. See *Arizona v Youngblood*, 488 US 51, 57; 109 S Ct 333; 102 L Ed 2d 281 (1988). Specifically,

a defendant can show that the police's failure to preserve possibly exculpatory evidence violated his right to due process if law enforcement personnel acted in bad faith. Even when "potentially useful" evidence is destroyed and the destruction would constitute a violation of due process, the evidence must have been destroyed in bad faith. [*Bosca*, 310 Mich App at 27.]

"Defendant bears the burden of showing that the evidence was exculpatory or that the police acted in bad faith." *People v Johnson*, 197 Mich App 362, 365; 494 NW2d 873 (1992). "If the defendant cannot show bad faith or that the evidence was potentially exculpatory, the state's failure to preserve evidence does not deny the defendant due process." *People v Heft*, 299 Mich App 69, 79; 829 NW2d 266 (2012).

Insofar as defendant argues that the prosecution or police suppressed exculpatory evidence, defendant has presented nothing to support this allegation. Defendant has provided no indication whatsoever that fingerprint, DNA, or video evidence existed that was favorable to him "either because it [wa]s exculpatory, or because it [wa]s impeaching;" defendant has not shown that any evidence was "suppressed by the state, either willfully or inadvertently;" nor has defendant shown that he was prejudiced by the suppression of evidence. *Bosca*, 310 Mich at 27-28. Although defendant argues that the record shows that exculpatory evidence existed and that the government suppressed it, the record does not in any manner show this. Defendant has failed to satisfy his burden of establishing the factual predicate for his claim of evidence suppression. See *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000).

For the same reason, defendant's argument that the government failed to preserve potentially exculpatory evidence fails. Defendant has provided no indication that potentially exculpatory evidence ever existed, and he has also failed to provide any showing of bad faith in failing to preserve such evidence. *Bosca*, 310 Mich at 27; *Elston*, 462 Mich at 762; *Johnson*, 197 Mich App at 365; *Heft*, 299 Mich App at 79. Furthermore, "the police have no constitutional duty to assist a defendant in developing potentially exculpatory evidence," *People v Anstey*, 476 Mich 436, 461; 719 NW2d 579 (2006), and the prosecution does not have a duty to search for evidence to aid the defendant's case. *People v Burwick*, 450 Mich 281, 289 n 10; 537 NW2d 813 (1995). Generally, neither the prosecution nor police are "required to test evidence to accord a defendant due process." *People v Coy*, 258 Mich App 1, 21; 669 NW2d 831 (2003). Lacking any factual support for his claims, defendant has not established plain error with regard to evidence preservation. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).

Defendant next argues that his conviction for PPW violated his constitutional protection against double jeopardy because the Michigan Department of Corrections had already punished him for possessing a weapon under their disciplinary procedure. We disagree.

The constitutional protection against double jeopardy "affords individuals 'three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense.' " *People v Ream*, 481 Mich 223, 227; 750 NW2d 536 (2008), quoting *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). However, "[f]or double jeopardy protections to apply, defendant must have first been put in jeopardy by a criminal prosecution in a court of justice." *People v Burks*, 220 Mich App 253, 256; 559 NW2d

357 (1996). Defendant has provided no evidence that the MDOC punished him for possessing a weapon on April 21, 2014. Even if there were such evidence, the MDOC is clearly not a court of justice; therefore, punishment by the MDOC would not cause double jeopardy protections to apply to defendant with regard to the trial court's proceedings concerning defendant's PPW charge. *Id.* Defendant has not established a violation of his constitutional protections against double jeopardy. *Id.*

Finally, defendant argues that his offense variable ("OV") 19 was assessed points based on judicial fact-finding in violation of the Sixth Amendment of the United States Constitution and that the two and a half year minimum is unreasonable such that he is entitled to resentencing. We review this unpreserved argument for plain error affecting substantial rights. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015); *Carines*, 460 Mich at 764.

The trial court assessed defendant 25 points for OV 19. A score of 25 points under OV 19 is appropriate where "[t]he offender by his or her conduct threatened the security of a penal institution or court." MCL 777.49(a). The jury found defendant guilty of PPW in violation of MCL 800.283(4), which states in relevant part that "a prisoner shall not have in his or her possession or under his or her control a weapon or other implement which may be used to injure a prisoner or other person, or to assist a prisoner to escape from imprisonment." In other words, the jury found that defendant possessed a weapon while he was a prisoner. Although the jury did not explicitly find that defendant "threatened the security of a penal institution[,]" MCL 777.49(a), the jury found that defendant possessed a weapon while he was a prisoner, which implicitly threatens the security of a penal institution. Therefore, the jury's finding supports 25 points under OV 19, and defendant's score of 25 points under OV 19 was not based on judicial fact-finding. Thus, there is no plain error.

Affirmed.


/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto