*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW ISAIAH ANDERSON,

Defendant-Appellant.

UNPUBLISHED
April 14, 2022

No. 356379
Calhoun Circuit Court
LC No. 2019-000910-FC

Before: RONAYNE KRAUSE, P.J., and MURRAY and O'BRIEN , JJ.

PER CURIAM.

In September 2019, defendant pleaded guilty to a charge of conspiracy to deliver or manufacture marijuana, MCL 333.7401(2)(d)(*iii*), and was sentenced to serve 24 months' probation. The following April, the trial court revoked defendant's probation and sentenced him to serve 23 to 48 months in prison. We affirm.

The trial court determined that a preponderance of evidence indicated that defendant had not informed his probation officer of his change of address, had made a threatening statement regarding his probation officer, and had directed assaultive behavior with a gun at the woman with whom he allegedly lived. An arrest warrant was outstanding for defendant in another county as a result of the assaultive behavior. At the probation revocation hearing, defendant objected that the trial court failed to properly inform him that his testimony at the probation revocation hearing could not later be used against him. We agree, but conclude that relief is not warranted because any error was not prejudicial.

Unpreserved arguments are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is warranted only if the plain error resulted in the conviction of an innocent person or if "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings independent of the defendant's innocence." *Id*.

"It is the intent of the Legislature" that a sentence of probation "is a matter of grace." MCL 771.4(1). A court may revoke probation when the probationer has violated the conditions of probation. *People v Hendrick*, 472 Mich 555, 561; 697 NW2d 511 (2005). Because a probationer

has already been convicted of a crime, if the trial court revokes probation, "the probationer is neither burdened with a new conviction nor exposed to punishment other than that to which he was already exposed as a result of the previous conviction for which he is on probation." *People v Johnson*, 191 Mich App 222, 225-226; 477 NW2d 426 (1991). The trial court may revoke probation on the basis of "facts in the record" that demonstrate "by a preponderance of the evidence that a violation was committed." *People v Pillar*, 233 Mich App 267, 270; 590 NW2d 622 (1998).

A defendant's due-process rights are limited in a revocation hearing. *People v McKinnie*, 197 Mich App 458, 460; 495 NW2d 796 (1992). A probationer's "absolute liberty" interests are not at stake because the probationer has already been convicted; instead, a revocation "deprives the defendant of only conditional liberty which is properly dependent on observance of the terms of the probation order." *People v Ritter*, 186 Mich App 701, 705-706; 464 NW2d 919 (1991). The due-process rights afforded the probationer at the hearing include "the opportunity to be heard, and to present witnesses and documentary evidence." *People v Rocha*, 86 Mich App 497, 502; 272 NW2d 699 (1978). The full range of constitutional rights present in criminal trials is not applicable to probation revocation hearings, which are "summary and informal and are not subject to the rules of evidence or of pleading applicable in a criminal trial." *Pillar*, 233 Mich App at 269. See also MCL 771.4(2). The "probationer has the right to a procedure consisting of (1) a factual determination that the probationer is in fact guilty of violating probation, and (2) a discretionary determination of whether the violation warrants revocation." *Pillar*, 233 Mich App at 269.

When, as is the case here, a probation violation is based on criminal conduct resulting in new criminal charges against the probationer, the court has the discretion to "delay the probation revocation proceedings until after a resolution of the criminal charges." *People v Williams*, 186 Mich App 606, 612-613; 465 NW2d 376 (1990). See also MCR 6.445(C). Here, the assaultive conduct involved in defendant's probation violation did result in an arrest warrant in another county that was pending at the time of the probation-revocation hearing. Defendant's counsel asked the trial court to adjourn the hearing, or at least limit it to conduct not involved in the outstanding warrant, because counsel would have difficulty defending allegations of conduct that violated probation and resulted in pending charges because defendant had a right not to incriminate himself with regard to the pending criminal matter.

The trial court denied the motion, but stated that defendant could invoke his right to remain silent when addressing conduct that resulted in the arrest warrant. However, after the trial court informed defendant that he could remain silent but that his statements could be used against him, defendant chose to waive his right to remain silent. The only testimony that defendant provided that could have referenced the assault, however, was his assertion that he had not ever been to the home where it was alleged that he assaulted the victim, which was consistent with an affidavit submitted by the alleged victim. That testimony also related to whether defendant failed to report a change of address as required by the terms of his probation. The prosecuting attorney did not cross-examine defendant.

In *Rocha*, 86 Mich App at 498, the defendant also unsuccessfully requested an adjournment of his probation revocation hearing until the resolution of underlying criminal charges, and the defendant refused to testify or to cross-examine witnesses. This Court noted the difficulty involved in the timing, and the unfairness of having the probation revocation hearing before the underlying criminal trial because of the possibility that the hearing might interfere with the defendant's right

against self-incrimination. *Id*. at 501-502. As a result, this Court concluded "that the probationer must be advised before he takes the stand at the revocation hearing that his testimony and its fruits will not be admissible against him at a subsequent criminal trial on the underlying offense." *Id*. at 513.

Defendant is correct that the trial court failed to inform him, in accordance with *Rocha*, that his testimony at the probation revocation hearing could not be used against him at a subsequent proceeding pertaining to the underlying criminal charges. In fact, the trial court informed defendant of the opposite—that his statements could be used against him in later proceedings. Therefore, the trial court erred by not properly informing defendant of his prerogative to testify without ramifications on his pending criminal proceedings.

The prosecution asks us to overrule *Rocha* as inconsistent with the summary nature of probation revocation hearings and because trial courts do not have the power to offer use immunity. According to MCR 7.215(J)(1), this Court is not strictly *required* to follow the rule of law set forth in *Rocha* because that case was decided before November 1, 1990. Nevertheless, a published opinion of this Court " 'has precedential effect under the rule of stare decisis.' " *People v Bensch*, 328 Mich App 1, 7; 935 NW2d 382 (2019), quoting MCR 7.215(C)(2).

There is no need to consider the validity of the *Rocha* Court's conclusions because, despite the trial court's failure to inform defendant in accordance with *Rocha*, any error was harmless because it was not prejudicial and so does not satisfy the plain-error standard.[1] Defendant points out that he did not testify about the assault allegations that were at issue in both the probation proceedings and the pending criminal matter. However, the lack of testimony about the assault would not prejudice him in any future criminal proceedings, and the trial court determined that there were other grounds on which defendant violated his probation—his failure to report a change of address, and his making a threatening statement about his probation agent. Further, defendant did make a statement that was applicable to the assault allegations when he claimed never to have been to the location where the assault took place, over which the prosecutor did not cross-examine him. But because that testimony was exculpatory in nature, defendant has not shown that he was harmed by any error resulting from the court's failure to inform him that his testimony could not be used against him as substantive evidence in a future criminal proceeding.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

---

[1] Even if defendant had preserved the issue defendant would have to demonstrate that the error prejudiced him. See *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999) ("a preserved, nonconstitutional error is not a ground for reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative").