PEOPLE v SMITH

Docket No. 60236. Decided November 28, 1977. On application by
defendant for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reinstated the defendant's appeal and
remanded to the Court of Appeals for further consideration.

Donald S. Smith was convicted, on his plea of guilty, by Wayne
Circuit Court, James N. Canham, J., of malicious destruction of
property under $100 and attempted escape from lawful custody.
The Court of Appeals, Quinn, P. J., and R. B. Burns, J. (M. F.
Cavanagh, J., dissenting), dismissed the defendant's appeal
without opinion on the ground that "a conviction based upon a
plea of guilty is not appealable" (Docket No. 77-485). Defendant
applies for leave to appeal. *Held:*

The Constitution guarantees an appeal as a matter of right
in every criminal prosecution. The appellate courts have con-
sistently, until recently, interpreted the constitutional language
to give an appeal of right from a conviction on a plea of guilty.
A review of these decisions, together with the history of the
Constitution and the plain meaning of the constitutional lan-
guage, convinces the Court of the correctness of that interpreta-
tion. The appeal is reinstated and remanded to the Court of
Appeals for further consideration.

*People v Webb,* 75 Mich App 494; 255 NW2d 661 (1977),
overruled.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Timothy A. Baugh-
man,* Assistant Prosecuting Attorney, for the peo-
ple.

*Carl Ziemba* for defendant.

PER CURIAM. The majority of the Court of Ap-
peals panel in this case and in *People v Webb,* 75

Mich App 494; 255 NW2d 661 (1977), believes that there is no appeal as a matter of right from a plea-based conviction. We disagree.

Const 1963, art 1, § 20, states in pertinent part: "In every criminal prosecution, the accused shall have * * * an appeal as a matter of right."

The appellate courts of this state have, until recently, consistently interpreted this language to guarantee an appeal as a matter of right from a plea-based conviction. Our review of those decisions, together with § 20's constitutional history[1] and the plain meaning of its language, convinces us of the correctness of this interpretation.

Pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, the Court of Appeals order dismissing defendant's appeal for lack of jurisdiction is vacated. Defendant's appeal to the Court of Appeals is reinstated and the case is remanded to the Court of Appeals for consideration of the issue raised. We retain no jurisdiction.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[1] See 1 Official Record, Constitutional Convention 1961, pp 469, 562–568.