Kelly, J.
Michael Kaczmarek was convicted of delivering marijuana[1] in August, 1994. In September, 1998, he pleaded guilty to a second probation violation. During the interim, Michigan voters approved Proposal B, which amended the state constitution to remove the right of appeal from criminal defendants who plead guilty.[2] The change applies to crimes committed on or after December 27, 1994. See § 3 of both 1994 PA 374 and 1994 PA 375.
*480 The question here is whether defendant retains an appeal as a matter of right from the prison sentence imposed in the wake of his probation violation. We hold in the affirmative. Accordingly, we reverse the Court of Appeals dismissal of defendant’s claim and remand for consideration of his appeal as of right.
BACKGROUND OF THE CASE
As a consequence of his August, 1994 sale of marijuana, defendant was arrested and charged with having committed a felony punishable by up to four years in prison.[3] A jury convicted him in March 1995, and a judge pronounced a two-year sentence of probation.
Defendant violated conditions of his probation in 1996. The violation led to an order that extended the term to five years and imposed additional conditions. Two years later, he again violated his probation. As a result, in early 1999, the judge sentenced him to a prison term of thirty-two to forty-eight months.
Defendant filed a claim of appeal with the Court of Appeals. The Court dismissed the claim on the ground that it lacked jurisdiction to hear an appeal of right in this matter. The Court ordered:
The claim of appeal is dismissed for lack of jurisdiction because the January 29, 1999, judgment of sentence, which was based upon a plea of guilty to a probation violation that occurred after December 27, 1994, is not appealable as a matter of right. The Court finds that MCR 6.445(H) is applicable to this case because the amendment of that court rale was simply a codification of existing law. That *481 court rale does not determine the appellate rights of a defendant by what rights existed at the time the defendant was originally sentenced. [Unpublished order, entered March 24, 1999 (Docket No. 217835).]
We granted leave to appeal. 463 Mich 892 (2000). While his appeal was pending with this Court, defendant attained parolee status, rendering his appeal arguably moot. We sometimes consider mooted questions that involve issues of public significance and are likely to recur, yet evade judicial review. Lawrence v Toys R Us, 453 Mich 112, 119-120; 551 NW2d 155 (1996), citing In re Midland Publishing Co, Inc, 420 Mich 148, 151-152, n 2; 362 NW2d 580 (1984).
The question in this case is significant because it involves appellate rights provided by the state constitution and statutes. Yet, it will evade review because others who may raise it, like defendant, also are likely to be on parole by the time their cases reach this Court. See, e.g., Franciosi v Parole Bd, 461 Mich 347, 348, n 1; 604 NW2d 675 (2000). Thus, we will address this appeal on its merits.
'PROPOSAL B
Before 1994, Michigan’s Constitution provided:
In every criminal prosecution, the accused shall have ... an appeal as a matter of right .... [Const 1963, art 1, §20.]
If a defendant was convicted after pleading guilty, he had the right to be heard on appeal. People v Smith, 402 Mich 72; 259 NW2d 558 (1977). Likewise, he had a second appeal as of right in the event he was later *482 found to have violated the terms of his probation. People v Pickett, 391 Mich 305; 215 NW2d 695 (1974).
However, those rules changed when, on November 8, 1994, voters approved Proposal B. The removal of the right to be heard on appeal for a person who had pleaded guilty took effect December 27, 1994, the effective date of the implementing legislation.[4] Specifically, the change “applies to criminal prosecutions for crimes committed on or after [that date].” The effective date is drawn from language that appears at the end of both 1994 PA 374 and 1994 PA 375. This Court also has stated that the modified procedures described in certain amendments to the court rules apply to crimes committed on or after December 27, 1994. 448 Mich cxiv (1995).
PROBATION VIOLATION
For Proposal B to apply to this case, there would have to have been a “criminal prosecution” for a “crime” that took place on or after December 27, 1994. Defendant’s August 1994 marijuana delivery is the only “crime” involved of which defendant has been convicted or for which he has been sentenced. Though he violated his probation, “probation violation” does not constitute a separate felony in the Penal Code[5] or elsewhere.
As our Court of Appeals has explained, violation of probation is not a crime, and a ruling that probation has been violated is not a new conviction. See People v Johnson, 191 Mich App 222, 226-227; 477 NW2d 426 *483 (1991); People v Burks, 220 Mich App 253, 256; 559 NW2d 357 (1996). “If a judge finds that a probationer violated his probation by committing an offense, the probationer is neither burdened with a new conviction nor exposed to punishment other than that to which he was already exposed . . . .” Johnson, supra at 226.
Instead, revocation of probation simply clears the way for a resentencing on the original offense. MCL 771.4.[6] Thus, when the judge sentenced defendant to prison in March 1999, he was sentencing him for the crime of delivering marijuana, committed in August 1994.[7]
Because this case arises. from a criminal prosecution for a crime committed before December 27, *484 1994, Proposal B does not apply to this defendant. Accordingly, he retains the appeal of right that was available before it took effect.
MICHIGAN COURT RULE 6.445(H)
In its order dismissing defendant’s claim of appeal, the Court of Appeals cited MCR 6.445(H), which currently provides:
(1) In a case involving a sentence of incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that
(a) the probationer has a right to appeal, if the conviction occurred at a contested hearing, or
(b) the probationer is entitled to file an application for leave to appeal, if the conviction was the result of a plea of guilty.
(2) In a case that involves a sentence other than incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that the probationer is entitled to file an application for leave to appeal.
Defendant argues that the word “conviction” in paragraphs (l)(a) and (l)(b) refers to the underlying conviction, not the probation violation, and thus sub-rule (H) actually supports his position.
*485 He is incorrect. Rule 6.445 is entitled “Probation Revocation.” It refers throughout to procedure concerning probation revocations. Hence, it follows that the word “conviction” in paragraphs (H)(1)(a) and (l)(b) means conviction for “probation revocation.”
Notwithstanding that interpretation, the defendant is correct that the language of MCR 6.445(H) does not support the dismissal of his appeal. As was indicated at the time it was added, the court rule’s new language merely implemented the 1994 amendment of article 1, § 20 of the Michigan Constitution of 1963. 459 Mich cxcviii, cxcix (1998). It cannot be used to dismiss a claim of appeal properly filed under the constitution and the implementing legislation.
ISSUES AVAILABLE ON APPEAL
We caution that defendant’s appeal of right is limited in scope. It encompasses only those issues that he could not have raised in an appeal from his 1995 marijuana conviction. See Pickett, supra at 316-318. Moreover, defendant’s plea of guilty on the allegation that he violated his probation subsumes any factual question whether the probation was violated. People v New, 427 Mich 482, 488-491; 398 NW2d 358 (1986).
Therefore, unless defendant can identify a fundamental flaw in the revocation proceedings,[8] his present appeal as of right is limited to issues arising from the resentencing.
*486 CONCLUSION
Defendant’s marijuana delivery, the only crime involved and for which he was placed on probation, occurred before December 27, 1994. Therefore, although defendant later pleaded guilty to a probation violation, Proposal B does not apply, and defendant is entitled to challenge the revocation of his probation by way of an appeal as of right.
For the reasons stated in this opinion, we reverse the order of the Court of Appeals and remand this case to that Court for reinstatement of defendant’s appeal.
Cavanagh, Weaver, Taylor, Young, and Markman, JJ., concurred with Kelly, J.

 MCL 333.7401(2)(c).

 Proposal b was effective December 27, 1994. It amended Const 1963, art 1, § 20, to state that a criminal defendant has “an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court . . . .”

 He was charged under the former language of MCL 333.7401(2)(e). Later amendments and the current language appear at 1994 PA 221, 1996 PA 249, and 1998 PA 319.

 See 1994 PA 374, amending MCL 770.3 and 1994 PA 375, amending MCL 600.308(2)(d).

 MCL 750.1 et seq.

 At the time this matter arose, the language of MCL 771.4 was drawn from 1988 PA 78. The current language is taken from 1998 PA 520, which made only stylistic changes. It states:
It is the intent of the legislature that the granting of probation is a matter of grace conferring no vested right to its continuance. If during the probation period the sentencing court determines that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation, the court may revoke probation. All probation orders are revocable in any manner the court that imposed probation considers applicable either for a violation or attempted violation of a probation condition or for any other type of antisocial conduct or action on the probationer’s part for which the court determines that revocation is proper in the public interest. ... If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made. . . .

 The dissent questions our view that a sentence for probation violation is merely a “resentencing” on the original criminal conviction. Post at 486. It asserts without authority, that “appellate remedies following probation revocation have always been governed by our court rules in the absence of explicit legislation on the subject.” Id. Therefore, she concludes, MCR 6.445(H) should govern and limit defendant’s appeal of right.
We reject this rationale. It overlooks MCL 771.4 which provides:
*484 If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.
Moreover, as explained in this opinion, the Legislature expressly described Proposal b as applying to “crimes committed on or after December 27, 1994.” 1994 PA 374-375, § 3 (emphasis added). The only “crime” committed in this case occurred before December 1994. Thus, Proposal b does not apply.

 New explains that a plea of guilty or nolo contendere waives nearly all issues arising before the plea. With regard to the plea itself, the record of the present case suggests no failure to comply with the terms of MCR 6.445(F).