666 N.W.2d 267 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Dennis Michael PERKS, Defendant-Appellant.
Docket No. 120899, COA No. 237337.
Supreme Court of Michigan.
July 31, 2003.
This Court having granted leave to appeal, 467 Mich. 898, 654 N.W.2d 330 (2002), and having fully considered the written briefs and oral arguments of the parties, we VACATE the December 7, 2001 administrative order entered by the chief judge pursuant to MCR 7.203(F)(1), and we REMAND this case to the Court of Appeals for consideration by a three-judge panel of the procedural issue discussed in the December 7, 2001 order. If the panel concludes that the appeal is properly before the Court pursuant to MCR 6.445, the Court of Appeals shall reinstate this case on the path toward a decision on the merits of the defendant's appeal.
We do not retain jurisdiction.
CORRIGAN, C.J., concurs, and states:
I concur in the order remanding this case to the Court of Appeals. I do not assume that Proposal B governs probation revocation proceedings. In 1994, the electorate adopted Proposal B, amending in part Const. 1963, art. 1, § 20, so that the provision now states:

In every criminal prosecution, the accused shall have the right ... to have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court.... [Emphasis added.]
People v. Rial, 399 Mich. 431, 435, 249 N.W.2d 114 (1976), our controlling authority in 1994, stated:
Defendants' analogy to a trial and a guilty plea is unsound. Probation revocation is not a stage of a criminal prosecution. In these proceedings we deal not with the procedural rights of an accused in a criminal prosecution, but with the more limited due process rights of one who is a probationer because he has been convicted of a crime. Gagnon [v. Scarpelli, 411 U.S. 778, 789, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ]. See also People v. Pickett, 391 Mich. 305, 215 N.W.2d 695 (1974). [Emphasis added.]
Because probation revocation was not considered a stage of a criminal prosecution when Proposal B was adopted in 1994, I fail to see how the voters could have believed that they were voting on appellate rights for probation revocation hearings. Thus, I concur in this Court's remand order.
WEAVER, J., dissents, and states:
Defendant, Dennis M. Perks, who pleaded nolo contendere to the crimes of resisting and obstructing a police officer and domestic violence, claims he has an appeal of right from the sentencing following the revocation of his probation[1] because he *268 contested the revocation. The Court of Appeals dismissed defendant's claim of appeal for a lack of jurisdiction, holding that defendant's appeal was by leave, not by right. Defendant sought leave to appeal to this Court, raising as his sole issue whether he had a right to appeal from the sentence imposed following the revocation of his probation.
This Court granted leave to appeal, 467 Mich. 898, 654 N.W.2d 330 (2002), received full briefing from the parties, and heard oral arguments in April of 2003 on whether defendant's appeal was by leave or by right, but has failed to render a decision on the sole issue presented. Rather than remand to the Court of Appeals for a decision on this very issue, I would decide this issue now and save the litigants, the Court of Appeals, and the taxpayers the cost of additional appellate court proceedings. As it appears, however, that this Supreme Court is unable to discipline itself to make the decision now, it should at least put this matter over for re-argument and finish its work on the question presented next term rather than burden the Court of Appeals with an issue that a majority of this Court has been unable or unwilling to resolve.
Because the concurrence offers a resolution to the question presented, and to avoid the appearance that this Court has a favored resolution, I offer an alternative analysis that would resolve this matter differently from the advocacy of the concurrence for the Court of Appeals consideration on remand.
Defendant pleaded nolo contendere to the underlying offenses and was sentenced to probation. Because he pleaded nolo contendere to the underlying offenses, defendant lost his automatic right to appeal the conviction pursuant to Const. 1963, art. 1, § 20, as amended by Proposal B. Defendant asserts, however, that by contesting the revocation of his probation, he revived an automatic appeal of right from the imposition of the sentence of incarceration.
Proposal B amended Const. 1963 art. 1, § 20 to provide:
In every criminal prosecution, the accused shall have the right ... to have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court.... Const. 1963, art. 1, § 20 [emphasis on the language of Proposal B.]
The primary rule of constitutional construction requires that constitutional provisions be interpreted as they would be commonly understood by the "great mass of people themselves...." Traverse City School Dist. v. Attorney General, 384 Mich. 390, 405, 185 N.W.2d 9 (1971), quoting Cooley's Const. Lim. at 81. The commonly understood purpose of Proposal B was to limit criminal defendants' appeals of right from guilty pleas. This purpose is readily discernible from the official wording of the Proposal B ballot:

A PROPOSAL TO LIMIT CRIMINAL APPEALS
The proposed constitutional amendment would restrict a criminal defendant who pleads guilty or nolo contendre (no contest) from appealing his or her conviction without the permission of the court. Currently, someone who pleads guilty or no contest to a crime has the automatic right to appeal.
As discussed in People v. Bulger, 462 Mich. 495, 504, 614 N.W.2d 103 (2000), Proposal B was intended to help reduce the burden on the appellate system caused by appeals from plea-based convictions.
*269 However, the language of Const. 1963, art. 1, § 20, as amended by Proposal B, expressly leaves the definition of the scope of the right to appeal from pleas of guilty or nolo contendere to the Legislature. It states in pertinent part that
... as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court.... [Const. 1963, art. 1, § 20 (emphasis added).]
As noted in Bulger, supra at 510, 614 N.W.2d 103, "[t]he phrase `provided by law' permits action by the Legislature only." It therefore seems appropriate to consider the statutes enacted to implement Proposal B to determine whether an appeal of a sentence imposed after a contested probation-revocation hearing is by right or by leave where the underlying conviction resulted from a plea of nolo contendere.
Two statutes implement the limitation of appeals by Proposal B from pleas of guilty or nolo contendere, M.C.L. § 770.3 and 600.308. In interpreting these statutes, the task is to give effect to the intent of the Legislature. When the statute is clear and unambiguous, we assume that the Legislature intended its plain meaning and we enforce the statute as written. See, e.g., Omelenchuk v. City of Warren, 466 Mich. 524, 528, 647 N.W.2d 493 (2002).
MCL 770.3(1)(d) was enacted to implement Proposal B's limitation on appeals of right as follows:
All appeals from final orders and judgments based upon pleas of guilty or nolo contendere shall be by application for leave to appeal.
MCL 600.308 was amended to implement Proposal B. Regarding pleas of guilty and nolo contendere, M.C.L. § 600.308 provides in part:
(2) The court of appeals has jurisdiction on appeal from the following orders and judgments which shall be reviewable only upon application for leave to appeal granted by the court of appeals:

* * *
(d) A final order or judgment from the circuit court ... based upon a defendant's plea of guilty or nolo contendere.
Both statutes expressly preclude appeals of right where a final order or judgment from which an appeal is taken is "based upon" a defendant's plea of guilty or nolo contendere.[2]
The sentence that is imposed following the revocation of probation is a final order. People v. Pickett, 391 Mich. 305, 311-313, 215 N.W.2d 695 (1974).[3] Thus, under the statutes implementing Proposal B, the relevant question appears to be whether that sentence is "based upon" the conviction for *270 the underlying crime or upon the revocation of the probation. While certainly the sentence is related to both, it is quite logical to conclude that the Legislature intended for the sentence to be based on the judgment of conviction for the underlying crime, not the revocation of probation. This interpretation is supported by M.C.L. § 771.4, which provides that following the revocation of probation, "the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." As we stated in Kaczmarek, 464 Mich. 478, 483, 628 N.W.2d 484 (2001), the "revocation of probation simply clears the way for a resentencing on the original offense."[4]
Such an interpretation of these statutes seems consistent with both the purpose of Proposal B and its express language, which ties a defendant's right to appeal to his criminal prosecution. This Court, in accord with the direction provided by the United States Supreme Court, has held that probation revocation is not a stage of criminal prosecution. People v. Rial, 399 Mich. 431, 435, 249 N.W.2d 114 (1976); Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Therefore, pursuant to Proposal B, whether defendant's appeal is of right or by leave seemingly depends on the nature of defendant's plea in the criminal prosecution for the underlying crime, not on the nature of his plea in the probation-revocation proceeding.
Further, there appears no support within the language of Proposal B or within its implementing statutes that an appeal of right, once lost by the decision to plead guilty or no contest to the underlying crime, can be resurrected to challenge the sentencing after the revocation of probation.
More importantly, Proposal B leaves the precise implementation of its mandate to limit appeals of right to the Legislature.[5] Under the authority of Proposal B, the Legislature's enactment of M.C.L. § 770.3 and its amendment of 600.308 appear to base the right to appeal from the final judgment of sentence after the revocation of probation on whether the defendant pleaded guilty of the underlying crime. Because the sentencing following the revocation of defendant's probation was a final judgment based upon a plea of nolo contendere, it could be held that his appeal must be made by application for leave of the court.
Further, it is arguable that the defendant's reliance on Kaczmarek's interpretation of a court rule, MCR 6.445(H), is misplaced. MCR 6.445(H) addresses how a trial court must advise a probationer regarding his appellate rights once probation is revoked and a sentence of incarceration is imposed for the underlying crime. MCR 6.445(H) provides in part:
(1) In a case involving a sentence of incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that
(a) the probationer has a right to appeal, if the conviction occurred at a contested hearing, or
*271 (b) the probationer is entitled to file an application for leave to appeal, if the conviction is the result of a plea of guilty.
In self-acknowledged obiter dictum, Kaczmarek, supra at 485, 628 N.W.2d 484, concluded that "the word `conviction' in paragraphs [MCR 6.445](H)(1)(a) and (1)(b) means conviction for `probation revocation.'" Seizing on Kaczmarek's interpretation of MCR 6.445(H), defendant argues that he has an automatic right to appeal the sentence imposed after the revocation of his probation because he contested the revocation.
It does appear that the court rule creates confusion by the reference in MCR 6.445(H)(1)(a) to a "conviction ... at a contested hearing...." This language could be read as requiring the trial court to advise criminal defendants who are sentenced to incarceration after contesting the revocation of their probation that they have a right to appeal even if their conviction for the underlying crime was based on a plea of guilty or nolo contendere, as was stated in dicta in Kaczmarek. Requiring a trial court to provide such advice runs contrary, however, to the limits imposed by Proposal B and M.C.L. § 770.3(1)(d) and 600.308(2)(d).
Moreover, the extent of a criminal defendant's appellate rights could be considered a matter of substantive law and thus controlled by the Legislature. Therefore, to the extent that a court rule relating to a criminal defendant's appellate rights conflicts with the statutes, the court rule would have to yield. McDougall v. Schanz, 461 Mich. 15, 30-31, 597 N.W.2d 148 (1999).
This conflict between the court rule and the statutes could also be resolved by this Court by its rejecting Kaczmarek's dicta and amending MCR 6.445(H)(1) as follows:
In a case involving a sentence of incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that
(a) the probationer has a right to appeal if the underlying conviction occurred as a result of a trial, or
(b) the probationer is entitled to file an application for leave to appeal, if the underlying conviction was the result of a plea of guilty or nolo contendere.
I would decide this matter now. It has been thoroughly briefed and argued. It is a waste of the parties' time and money and a waste of the judicial resources of the Court of Appeals to remand. If the majority cannot decide this case now, it would be preferable for this Court to put this matter over and admit that it cannot come to a resolution by its July 31st deadline.
NOTES
[1] Probation delays sentencing on a verdict or plea and is an alternative to incarceration when the court determines that "defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law." MCL 771.1(1).
[2] The former version of M.C.L. § 600.308 did not include the "based upon" language. The former version of M.C.L. §600.308 provided:

(1) The court of appeals has jurisdiction on appeals from the following orders and judgments which shall be appealable as a matter of right:
(a) All final judgments from the circuit court, court of claims, and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court.
[3] Pickett, supra at 315, 215 N.W.2d 695, quoting Korematsu v. United States, 319 U.S. 432, 435, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943), reasoned that a revocation of probation is a final judgment because, at that time, "`the litigation ... on the merits'" is terminated and there is "`nothing to be done but to enforce by execution what has been determined.'" (Citation omitted.) Pickett's holding that there was always an automatic right to appeal from the sentencing after the revocation arguably has been superseded by the adoption of Proposal B and its implementing legislation. Therefore, it is plausible to reject defendant's argument and the apparent position of the concurrence, that Pickett guarantees him an automatic right to appeal.
[4] Kaczmarek addressed whether a person convicted of a crime that occurred before the adoption of Proposal B and after a trial had an appeal of right following the revocation of his probation.
[5] The concurrence speculates about what the voters believed when they adopted Proposal B. It is equally plausible, however, that the voters would have assumed that once the right to appeal was lost by a criminal defendant, it could not be revived. What is clear from the language of Proposal B is that the voters expressly left the implementation of Proposal B's limitation of criminal appeals of right to the Legislature.