PEOPLE v PERKS (ON REMAND)

Docket No. 237337. Submitted October 10, 2003, at Lansing. Decided October 16, 2003, at 9:05 A.M.

Dennis M. Perks entered pleas of nolo contendere in the Livingston Circuit Court to charges of resisting and obstructing a police officer and domestic violence. The circuit court sentenced the defendant to probation for both convictions. Subsequently, the defendant was arrested for violating the terms of his probation, and a contested probation revocation hearing was held before the circuit court, Daniel A. Burress, J. After revoking the defendant's probation, the circuit court sentenced the defendant to six to fifteen years' imprisonment for the resisting and obstructing conviction. The defendant claimed an appeal by right in the Court of Appeals, which appeal was dismissed by order of the Court of Appeals on the basis that the Court lacked jurisdiction over the appeal because the defendant is not entitled to an appeal by right from a conviction based on a plea of nolo contendere. The Supreme Court granted the defendant's delayed application for leave to appeal, 467 Mich 898 (2002), but remanded the matter to the Court of Appeals to determine whether the defendant's appeal was properly before the Court of Appeals pursuant to MCR 6.445. 469 Mich 864 (2003).

On remand, the Court of Appeals held:

1. The defendant's appeal was properly dismissed for a lack of jurisdiction on the basis that there is no appeal by right from a sentence and conviction based on a plea of nolo contendere. Const 1963, art 1, § 20; MCL 600.308; MCL 770.3. Article 1, § 20 of the constitution was amended by the voters in 1994 to provide that a defendant may only appeal by application to the Court of Appeals from a judgment or conviction based on a plea of nolo contendere. Here, the judgment of sentence the defendant seeks to appeal is based on the defendant's original, underlying plea of nolo contendere to the resisting and obstructing charge. The defendant's argument that he is entitled to an appeal by right because the judgment of sentence is based on postconviction conduct and not the plea of nolo contendere is undermined by the very nature of probation revocation proceedings, and by the fact that a violation of pro-

bation is not a crime and a ruling that probation was violated is not a new conviction.

2. MCR 6.445, which governs probation revocation proceedings, does not entitle the defendant to an appeal by right from his judgment of sentence. To the extent that MCR 6.445(H), as amended, draws a distinction between a probationer who enters a plea and a probationer who contests a revocation hearing, and appears to give a probationer who contests a revocation hearing an appeal by right, it is a mistake. Article 1, § 20, as amended, vests authority only in the Legislature to determine the scope of the jurisdiction of the Court of Appeals, and the Supreme Court may not promulgate rules granting greater appellate rights. The defendant's appeal will not be reinstated.

Dismissed.

SENTENCES — PROBATION — REVOCATION — APPEAL.

The court rule governing revocation of probation proceedings does not entitle a probationer who contested revocation at the hearing to appeal a revocation and a subsequent sentence of imprisonment by right where the underlying conviction for which probation was first imposed was the result of a guilty plea or a plea of nolo contendere; appeal in such a case is limited to appeal by leave (Const 1963, art 1, § 20; MCL 600.308; 770.3; MCR 6.445[H]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *William J. Vailliencourt, Jr.*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Randy E. Davidson*) for the defendant.

ON REMAND

Before: TALBOT, P.J., and JANSEN and MURRAY, JJ.

TALBOT, P.J. On July 31, 2003, the Michigan Supreme Court issued an order remanding this matter to this Court "for consideration by a three-judge panel of the procedural issue" discussed in an administrative order issued on December 7, 2001, by then Chief

Judge of this Court, RICHARD BANDSTRA, who dismissed defendant's claim of appeal for lack of jurisdiction. *People v Perks*, 469 Mich 864 (2003). The Supreme Court's order further provides that "[i]f the panel concludes that the appeal is properly before the Court pursuant to MCR 6.445, the Court of Appeals is to reinstate this case on the path toward a decision on the merits of the defendant's appeal." *Id.* We hold that Judge BANDSTRA's determination that our Court does not have jurisdiction over defendant Dennis M. Perks's claim of appeal was proper and, consequently, we do not reinstate defendant's claim of appeal.

I

In 1999, defendant pleaded nolo contendere (no contest) to the crimes of resisting and obstructing a police officer, MCL 750.479, and domestic violence, MCL 750.81, arising from an incident on December 16, 1998. The trial court sentenced defendant for the resisting and obstructing conviction as a fourth-offense habitual offender, MCL 769.12, to three years of probation, the first six months to be served in jail and work release to be granted after sixty days, and to two years of probation for the domestic violence conviction. On August 30, 2001, the trial court issued a bench warrant for defendant's arrest as the result of a petition alleging that defendant violated his probation. The trial court conducted a contested probation violation hearing on September 21, 2001, and at the conclusion of the hearing, the court determined that defendant had violated his probation. After revoking defendant's probation, the trial court sentenced defendant to six to fifteen years of imprisonment for the resisting and obstructing conviction.

Defendant filed a timely request for appointment of counsel, and the trial court entered a claim of appeal and order appointing counsel on October 17, 2001. This Court's then Chief Judge, RICHARD BANDSTRA, dismissed the claim of appeal pursuant to MCR 7.203(F)(1) and 7.216(A)(10),

> for lack of jurisdiction because the judgment of sentence dated September 21, 2001, which was based on a plea of nolo contendere to the crime of resisting arrest committed after December 27, 1994, is not appealable as a matter of right. In *People v Kaczmarek*, 464 Mich 478; [628] NW2d [484] (2001), the Court said that violation of probation is not a crime and a ruling that probation has been violated is not a new conviction. MCL 600.308(2)(d), the implementing legislation for Proposal B, provides that appeals from final judgments based on a defendant's plea shall be by leave. If a determination of probation violation is not the conviction of a crime, then a judgment imposed after such a determination must be based on the underlying crime. Since the judgment is based on the plea to the underlying crime, the appeal must be by leave. [*People v Perks*, unpublished order of the Court of Appeals, entered December 7, 2001 (Docket No. 237337).]

Although MCR 7.203(F)(2) permits an appellant to file a motion for reconsideration of an order of dismissal for lack of jurisdiction, which is then submitted to a panel of three judges, defendant chose instead to file in the Supreme Court a delayed application seeking leave to appeal the order of dismissal. After the delayed application was granted, the parties filed their respective briefs and argued the matter before the Court on April 8, 2003. The Court ultimately issued the order remanding the case to this Court and directing a three-judge panel to consider the "procedural" issue discussed in the December 7, 2001, order.

*Perks, supra* at 864. Chief Justice Corrigan issued a separate concurrence to the order, *id.* at 864-865, which is more fully explained below, and Justice Weaver dissented on the basis that defendant is not entitled to an appeal as of right from his plea-based conviction. *Id.* at 865-870.

II

Before examining MCR 6.445, as we have been directed to do, we begin our analysis with an examination of the applicable constitutional and statutory provisions regarding this Court's jurisdiction over defendant's appeal. The Michigan Constitution provides in Article 6, § 10 that this Court's jurisdiction "shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court." Our Supreme Court acknowledged that the plain language of this provision clearly reveals that the phrase "as provided by law" does not include the Supreme Court's "rulemaking powers." *People v Bulger*, 462 Mich 495, 509; 614 NW2d 103 (2000). Accordingly, the Legislature, not the Supreme Court, "has the power under the constitution to prescribe the jurisdiction of the Court of Appeals." *Id.* (quotation omitted).

In its earlier form, Article 1, § 20 of the Michigan Constitution provided that in every criminal prosecution, the accused shall have an appeal of right. In *People v Smith*, 402 Mich 72; 259 NW2d 558 (1977), the Supreme Court held that this appeal as of right included a criminal defendant who pleaded guilty to criminal charges.

In accordance with its authority under Article 6, § 10, the Legislature enacted MCL 600.308 and MCL

600.309, which provided, in relevant part, that this Court had jurisdiction over all final judgments from the circuit courts, court of claims, and recorder's court, and that all appeals to this Court from all final judgments, orders, and decisions were as a matter of right. Early on, a question arose regarding whether a defendant had an appeal as of right from a judgment of sentence entered upon a trial court's finding that a defendant violated the terms of his or her probation, and the sentencing of the defendant to a term of imprisonment. The Supreme Court answered this question affirmatively in *People v Pickett*, 391 Mich 305, 308, 316; 215 NW2d 695 (1974), holding that that the sentence imposed after a violation of probation was a final judgment and that the defendant had an appeal as of right from the judgment.[1] However, the Court further held that this appeal was "limited to those matters relating to the probation violation and the hearing thereon." *Id.* at 316.

In November 1994, the people of Michigan ratified Proposal B, which proposed an amendment to Article 1, § 20 limiting criminal appeals from plea-based convictions in order to reduce the burden on the appellate system. The ballot proposal stated:

A PROPOSAL TO LIMIT CRIMINAL APPEALS

The proposed constitutional amendment would restrict a criminal defendant who pleads guilty or nolo contendre [sic] (no contest) from appealing his or her conviction with-

---

[1] In *Pickett*, the defendant pleaded guilty of armed robbery and was placed on probation for three years. Although the defendant did not seek an appeal from his plea-based conviction, he subsequently violated his probation and was sentenced to a term of imprisonment and then sought an appeal as of right, which was dismissed by this Court. *Id.* at 308.

out the permission of the court. Currently, someone who pleads guilty or no contest to a crime has the automatic right to appeal.

As a result of the proposal's passage, Article 1, § 20 was amended and currently provides, in relevant part:

> In every criminal prosecution, the accused shall have the right . . . to have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court . . . .

Given the use of the phrase "as provided by law" the amendment of Article 1, § 20 clearly vested the Legislature with authority to define the scope of the right of appeal of one who pleads guilty or nolo contendere. See *Bulger*, *supra* at 509-510. Therefore, it is necessary for us to examine the implementing legislation in determining whether defendant has an appeal as of right.

After the proposal passed, the Legislature immediately amended MCL 600.308 in 1994 PA 375, and enacted MCL 770.3 in 1994 PA 374 to implement Proposal B. MCL 600.308 currently provides, in pertinent part:

> (2) The court of appeals has jurisdiction on appeal from the following orders and judgments which shall be reviewable only upon application for leave to appeal granted by the court of appeals.
>
>    \*  \*  \*
>
> (d) A final order or judgment from the circuit court . . . based upon a defendant's plea of guilty or nolo contendere.

Furthermore, MCL 770.3 provides, in relevant part:

(1) Subject to the limitations imposed by section 12 of this chapter and except as provided in section 16, an aggrieved party shall have a right of appeal from a final judgment or trial order as follows:

(a) Except as otherwise provided in subdivision (d), in a felony or misdemeanor case tried in the circuit court, there shall be a right of appeal to the court of appeals.

\*    \*    \*

(d) All appeals from final orders and judgments based upon pleas of guilty or nolo contendere shall be by application for leave to appeal.

The Legislature further expressed that these changes applied to crimes committed on or after December 27, 1994. 1994 PA 374, § 3.[2]

In reviewing matters relating to statutory construction, this Court's goal is to ascertain and give effect to the Legislature's intent. *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003). To accomplish this goal, we examine the language of the statute, and if the language is clear and unambiguous, no further construction is necessary or allowed. *Id.* Both MCL 600.308 and MCL 770.3 expressly provide that a defendant

---

[2] Our Supreme Court subsequently amended several court rules consistent with these constitutional and statutory changes. In an order amending the rules, issued on December 30, 1994, the Court stated: "[T]he following amendments of MCR 6.301, 6.302, 6.311, 6.425, 7.203, 7.204 and 7.205 applicable to crimes committed on or after December 24, 1994 as provided by 1994 PA 374 and 1994 PA 375 are adopted . . . ." 447 Mich cl (1994). The Court later amended its December 30, 1994, order in an order issued on January 19, 1995, which stated:

[W]hile 1994 PA 374 and 1994 PA 375 state that their provisions apply to crimes committed after December 24, 1994, those acts were not approved by the Governor and filed . . . until December 27, 1994. We therefore clarify our December 30, 1994, order and direct that the modified procedures apply to crimes committed on or after December 27, 1994. [448 Mich cxiv (1995).]

may only seek appellate review by application from a final order or judgment "based upon" a defendant's plea of guilty or no contest. Because defendant pleaded no contest to the underlying offenses, he relinquished his appeal as of right at the time the trial court sentenced him to probation in 1999. Yet, defendant contends that he has an appeal of right because he contested the allegations underlying the revocation of his probation in September 2001.

The critical question is whether a judgment of sentence entered after a contested probation revocation hearing is "based upon" a defendant's guilty or no contest plea to the underlying offense, regarding which the defendant may only seek leave to appeal pursuant to MCL 608.308 and MCL 770.3. Here, defendant argues that the judgment of sentence is based on the consequences of his postconviction conduct and, therefore, is not based on his no contest plea. Yet, this assertion is undermined by the very nature of probation revocation proceedings, as dictated by the Legislature and interpreted by the courts in this state. MCL 771.4 indicates that a probation revocation proceeding is an avenue to "sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." If the sentence is imposed as if the order of probation had not been entered, then the sentence imposed following an order revoking probation clearly relates back to the underlying offense and is based upon the defendant's plea. See *People v Jones*, 207 Mich App 253, 258; 523 NW2d 888 (1994).

Moreover, in *People v Kaczmarek*, 464 Mich 478; 628 NW2d 484 (2001), the Supreme Court noted that a violation of probation is not a crime, and that a ruling

that probation has been violated is not a new conviction. *Id.* at 482-483, citing *People v Johnson*, 191 Mich App 222, 226-227; 477 NW2d 426 (1991); *People v Burks*, 220 Mich App 253, 256; 559 NW2d 357 (1996). Instead, the "revocation of probation simply clears the way for a resentencing on the original offense." *Kaczmarek, supra* at 483. Accordingly, we find that the judgment of sentence from which defendant is currently seeking to appeal is "based upon" his no contest plea to the underlying offense and cannot be appealed as of right under MCL 608.308 and MCL 770.3.

Critically, our interpretation of the implementing legislation does not contradict Article 1, § 20, as amended by Proposal B, despite defendant's argument that the voters of this state did not intend for the amendment to apply to his current appeal because the ballot proposal did not mention probation revocation hearings. In construing this state's constitution, our objective is to give effect to the intent of the people adopting it. *Bulger, supra* at 507. As a result, " 'the primary source for ascertaining its meaning is to examine its plain meaning as understood by its ratifiers at the time of its adoption.' " *Id.*, quoting *Charles Reinhart Co v Winiemko*, 444 Mich 579, 606; 513 NW2d 773 (1994).

On the ballot, the voters were informed that the proposed constitutional amendment "would restrict a criminal defendant who pleads guilty or nolo contendre [sic] (no contest) from appealing his or her conviction without the permission of the court." Here, defendant is seeking to appeal from a judgment of sentence that is based upon a conviction on a charge to which he pleaded no contest. If defendant had

originally received the sentence of six to fifteen years' imprisonment, no one would dispute that he could only seek leave to appeal in order to challenge his sentence, as the voters intended by approving Proposal B. It is unrealistic to say that the voters understood that the amendment would not affect defendant's ability to appeal as of right to challenge the same sentence simply because he was originally placed on probation, as a matter of grace, and could not abide by the terms imposed on him by the court. The voters clearly intended to remove defendant's ability to appeal as of right once he entered a plea to the underlying conviction. Allowing defendant to appeal as of right from the judgment of sentence because he contested the petition charging him with violating his probation would, in our opinion, restore this right in contravention of the voters' intent.

III

Despite the dictates of the constitutional and statutory provisions that defendant may only appeal his judgment of sentence by application, the Supreme Court directed us to examine MCR 6.445, which governs probation revocation proceedings, in determining whether defendant's claim of appeal was properly filed in this Court. Because subrule (H) is the only provision relevant to the jurisdictional issue before us, we focus our attention on this particular subrule.

The former MCR 6.445(H) gave probationers a right to appeal from a sentence of incarceration in accordance with the holding in *Pickett, supra,* regarding the appellate rights available under Article 1, § 20 and

MCL 600.308.[3] Despite the passage of Proposal B and the subsequent implementing legislation, MCR 6.445(H) remained intact until the Michigan Judges Association (MJA), in October 1997, requested that the Supreme Court consider a proposal to amend the court rule. In this request, the MJA expressed its concern that a defendant who pleaded guilty of a probation violation had a greater right to appeal under MCR 6.445(H) than when he or she pleaded guilty or no contest to the underlying offense for which he or she was placed on probation, and that this was contrary to the intent of the people in approving Proposal B. As a result, the MJA requested that the language of subsection (H) be amended "to mirror the language pertaining to the appeal rights set forth in MCR 6.425," which requires a trial court to advise a defendant regarding his appellate rights after the court sentences the defendant for his conviction. Although the aim to reduce the number of appeals of right being filed by probation violators was well-intentioned, it is apparent that the MJA's suggestion to parallel subrule (H) with MCR 6.425, which the Supreme Court subsequently followed in amending the court rule, created the dilemma facing us in this appeal.

MCR 6.425(E) properly draws a distinction between the right to appeal following a plea of guilty or nolo contendere and the right to appeal following a trial, and is in accord with Article 1, § 20, MCL 600.308, and MCL 770.3. MCR 6.445(H) now directs a trial court to advise a probationer regarding his or her appellate rights once the court has revoked probation

---

[3] Specifically, subrule (H) stated, "[t]he probationer has a right to appeal from a sentence of incarceration imposed under subrule (G)." See also GCR 1963, 791.7 and MCR 6.111(G).

and imposed a sentence of incarceration for the underlying offense as follows:

> (1) In a case involving a sentence of incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that
>
> (a) the probationer has a right to appeal, if the conviction occurred at a contested hearing, or
>
> (b) the probationer is entitled to file an application for leave to appeal, if the conviction was the result of a plea of guilty.

We believe that the amendment's distinction between a probationer who enters a plea or a probationer who contests the revocation hearing was mistaken. As we have already explained, a probationer does not have a right to appeal under MCL 600.308(2)(d) and MCL 770.3(1)(d) if he or she previously entered a guilty plea to the underlying charge because the judgment of sentence entered following a probation revocation is based upon his or her plea-based conviction.[4] Therefore, subrule (H) should require a trial court to advise the probationer that he or she has a right to appeal if the underlying conviction occurred as the result of a trial or that he or she has a right to file an application for leave to appeal if the underlying conviction was the result of a plea of guilty or nolo contendere.

---

[4] As noted in the dissent to the order of remand, the Supreme Court, in obiter dictum, stated that "the word 'conviction' in paragraphs (H)(1)(a) and (1)(b) means conviction for 'probation revocation,'" *Kaczmarek, supra* at 485, despite having stated earlier that the violation of probation was not a crime or a new conviction. *Id.* at 482-483. Because a trial court's finding following a contested hearing that a defendant violated probation is not a conviction, the reference to "conviction" in MCR 6.445(H) is not only confusing, it is inappropriate.

Moreover, although our Supreme Court views sub-rule (H) as an implementation of Proposal B, *Kacz-marek*, *supra* at 485, the court rule appears to go beyond procedurally advising a probationer to actually conferring greater appeal rights to those probationers who are sentenced to incarceration following a contested hearing by implying that they may file an appeal as of right. Yet, Proposal B and the implementing legislation limited these rights if the underlying conviction was the result of a plea. As previously stated, Proposal B amended Article 1, § 20 to allow an accused an appeal as of right "except *as provided by law* an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court." (Emphasis added.) The phrase "as provided by law" only vests authority in the Legislature to define this Court's jurisdiction and does not otherwise vest authority in the Supreme Court to promulgate court rules that provide greater appellate rights beyond the jurisdictional limits established by the Legislature. See *Bulger*, *supra* at 509-510. Because the Legislature limited defendant's appeal right by only allowing an appeal by application, in accordance with Proposal B and the amendment to the constitution, we conclude that MCR 6.445(H) cannot confer upon defendant an appeal as of right.

IV

In the concurrence to the Supreme Court's order of remand, the constitution was quoted, with emphasis supplied, as follows:

> "*In every criminal prosecution,* the accused shall have the right . . . to have an appeal as a matter of right, *except*

> *as provided by law an appeal by an accused who pleads*
> *guilty or nolo contendere shall be by leave of the court*
> *. . . ." [Perks, supra* at 864, quoting Const 1963, art 1, § 20
> (emphasis in *Perks*).]

The concurrence stated that it did not assume that Proposal B governed probation revocation proceedings, given the fact that at the time of the proposal's passage, the controlling authority of *People v Rial*, 399 Mich 431; 249 NW2d 114 (1976), held that probation revocation was not a stage of a criminal prosecution. Because probation revocation was not considered a stage of a criminal prosecution when Proposal B was adopted, the concurrence failed to see how the voters could have believed that they were voting on appellate rights for probation revocation hearings. We respectfully disagree.

Setting aside our doubt that the voters of this state were even aware of *Rial's* holding, we cannot construe the language "[i]n every criminal prosecution" from Article 1, § 20 as suggested by the concurrence. In other words, that a probation revocation is not a stage of criminal prosecution. In *Pickett, supra* at 305, the Supreme Court relied on Article 1, § 20 in determining that a defendant had an appeal as of right from a judgment of sentence entered upon a trial court's finding that the defendant violated the terms of his probation. At the time *Pickett* was decided, Article 1, § 20 provided that, "In every criminal prosecution, the accused shall have . . . an appeal as a matter of right." Thus, the Court must have implicitly found that the probation revocation proceeding was a part of the criminal prosecution for

purposes of applying the constitutional provision.[5]
Therefore, it logically follows that if the revocation
proceeding is a part of the criminal prosecution, then
the voters must have intended that the proposed
amendment to the constitution affect a probation vio-
lator's right to appeal if the probation violator initially
pleaded guilty of the underlying offense.

V

Because defendant's judgment of sentence is based
upon his no contest plea, defendant may not file a
claim of appeal from the judgment of sentence.
Instead, he may only seek leave to appeal by filing an
application to challenge the sentence and any errors
relating to the probation revocation. Accordingly, we
hold that this Court's prior order dismissing defen-
dant's claim of appeal was proper, and therefore, we
will not reinstate defendant's appeal. We do not retain
jurisdiction.

---

[5] Furthermore, the Court in *Rial* was not construing the appellate rights
conferred on a criminal defendant under Article 1, § 20, but, instead, sim-
ply held that a probation revocation proceeding was not a stage of a crim-
inal prosecution to which full due process rights are applicable. *Rial,
supra* at 435, citing *Gagnon v Scarpelli*, 411 US 778, 782; 93 S Ct 1756; 36
L Ed 2d 656 (1973). For instance, as noted in *Rial*, the procedure is sum-
mary and informal and not subject to the rules of evidence or pleadings.
See also MCL 771.4.