# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

NIKOLAS A. SHREVE,

      Defendant-Appellant.

UNPUBLISHED
February 25, 2016

No.  323848
Kalamazoo Circuit Court
LC No.  2011-001201-FH

Before:  BECKERING, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

In this criminal action, defendant, Nikolas Shreve, appeals by leave granted[1] his amended judgment of sentence entered on April 2, 2014, wherein his probation was revoked and he was sentenced to a term of incarceration.  Because defendant's only issue on appeal relates to whether he owes restitution, which he agreed to as part of his plea agreement and which was outside the scope of his probation revocation proceeding, we affirm.

On January 13, 2012, defendant pleaded guilty pursuant to a plea agreement to one count of writing or delivering an insufficient funds check for $500 or more, MCL 750.131(3)(c), arising out of his purchase of a motorcycle using a checking account that had been overdrawn and closed.  According to the agent's description of the offense in the presentence investigation report, the facts underlying the offense are as follows:

---

[1] *People v Shreve*, unpublished order of the Court of Appeals, entered November 21, 2014 (Docket No. 323848).

On 4/14/2011 and 4/15/2011, Nikolas Shreve, used two personal checks from a closed financial account to purchase a 2008 EX 250 Kawasaki motorcycle from M&M Motor Mall, 3825 Lake Street, Kalamazoo, MI. The checks, #1002 for $500.00 (dated 4/14/2011) and #1027 for $2,865.88 (dated 4/15/2011), were drawn from Nikolas Anthony Shreve's personal checking account through Sturgis Bank & Trust Company. The bank had closed the checking account on 4/13/2011. The checking account had been overdrawn since 4/4/2011.

The 2008 Kawasaki (VIN#JKAEXMJIL28DAT4886) was impounded by the Three Rivers Police Department on 6/4/2011. The motorcycle was held at Brokers Towing in Three Rivers, Michigan, but was subsequently stolen from the lot.

Defendant was eventually arrested and charged with two counts of writing or delivering an insufficient funds check of $500 or more, MCL 750.131(3)(c); or, in the alternative, two counts of drawing checks upon a bank without any bank account, MCL 750.131a.

At the time defendant entered his guilty plea on January 13, 2012, the prosecutor summarized the plea agreement wherein defendant would plead guilty to one of the two counts charged, the prosecutor would dismiss the other count, the parties would ask the court to assess restitution "as is determined by the presentence investigator to be appropriate to the case," and the prosecution would recommend probation and not ask the court to impose jail time provided defendant complied with the other terms of the plea agreement.[2] Defense counsel expressly confirmed the accuracy of the plea agreement. Further, defendant confirmed that he had heard the description of the plea agreement and intended to enter the plea.

At defendant's sentencing hearing on March 12, 2012, defense counsel stated that he did not have any additions, corrections, or deletions to the PSIR and asked the trial court to "follow the recommendation made by the probation department and also the plea bargain in this matter." The PSIR recommended restitution in the amount of $3,423.88. The prosecution then supported the recommendation and asked for $3,423.88 in restitution. The trial court agreed to follow the plea agreement of the parties and sentenced defendant to 18 months' probation and 200 hours of community service in lieu of 20 days in jail. The trial court also ordered defendant to pay a $130 crime victim fee, $68 state cost, and $3,423.88 payable to M & M Motor Mall and/or Three Rivers Banking Center. The trial court indicated that it would not order court costs or attorney fees so that restitution could be commenced as quickly as possible. A judgment of sentence reflecting the trial court's rulings was entered on March 13, 2012; defendant did not seek leave to appeal the judgment of sentence.

Defendant did not fare well on probation. On June 12, 2012, he pleaded guilty to one count of a probation violation in exchange for the dismissal of two additional counts, a recommended sentence of 23 days in jail with credit in the same amount for time served, and the

---

[2] Although the hearing transcript attributes the recitation of the plea agreement to defendant, it is clear from the context that it was made by the prosecutor.

continuation of probation. The trial court adopted the proposed sentence and continued probation "for the collection of restitution." On September 5, 2012, defendant pleaded guilty to one count of a probation violation in exchange for the dismissal of six additional counts, a recommended sentence of 54 days in jail with credit in the same amount for time served, and the continuation of probation. The trial court adopted the proposed sentence and continued probation. On April 1, 2014, defendant pleaded guilty to three counts of probation violations in exchange for the dismissal of two additional counts and leaving sentencing up to court. On April 2, 2014, the trial court entered an amended judgment of sentence revoking defendant's probation and committing him to nine months in jail with 87 days credit for time already served.[3] On September 30, 2014, defendant filed a delayed application for leave to appeal the April 2, 2014 amended judgment of sentence, which this Court granted.

Defendant's only challenge on appeal pertains to restitution. Specifically, he claims that "restitution cannot be imposed as a condition of the sentence in this case" because the motorcycle he purchased was later stolen from the impound lot after police seized it from him. According to defendant, he "can only be ordered to pay restitution for loss, which was produced or caused by his act of making insufficient funds checks to purchase a motorcycle," and because he was not charged or convicted of its theft from the impound lot, he is not responsible for the victims' loss of the value of the motorcycle. Instead, defendant contends that "[t]he individual who took the motorcycle [from the impound lot] is responsible for the loss to the owner, [defendant] is not." Defendant is not entitled to relief for two reasons.

First, while this Court has jurisdiction over an appeal from the April 2, 2014 amended judgment of sentence[4], the trial court's determination regarding the propriety or total amount of restitution is outside the scope of this appeal. In a probation revocation proceeding, the scope of the proceeding is limited in nature. It is not a complete resentencing on all aspects of the original conviction, as might occur if this Court or our Supreme Court were to vacate or reverse a judgment of sentence and remand for resentencing. See *People v Rosenberg*, 477 Mich 1076; 729 NW2d 1076 (2007)("Once the Court of Appeals vacated the defendant's original sentence and remanded for resentencing, the case was before the trial court in a presentence posture, allowing for objection to any part of the new sentence"). Rather, pursuant to MCR 6.445(G), the only issue before the trial court in a probation revocation proceeding is whether to "continue probation, modify the conditions of probation, extend the probation period, or revoke probation and impose a sentence of incarceration." While the trial court determines anew what period of incarceration may be called for on the convicted offense and takes into account defendant's

---

[3] Restitution remained the same at $3,423.88. The amended judgment indicated that defendant could be released from jail with the remaining jail time suspended upon defendant's payment of $3,221.88 to the victims, the residual amount of restitution still owed to them.

[4] A defendant is entitled to pursue an appeal by right if he is sentenced to a term of incarceration following a probation revocation if the underlying conviction occurred as a result of a trial, and he is entitled to file an application for leave if the underlying conviction was the result of a plea of guilty or nolo contendere. MCR 6.445(H).

conduct since that time,[5] that is the only aspect of the judgment of sentence that is at issue in a probation revocation proceeding, and the judgment of sentence is amended accordingly. See *People v Kaczmarek*, 464 Mich 478, 485; 628 NW2d 484 (2001) (cautioning that the defendant's appeal following a probation revocation proceeding was limited to "only those issues that he could not have raised in an appeal from his" original conviction). Although the trial court must continue to order and enforce restitution as previously determined at sentencing,[6] a probation revocation proceeding is not a complete resentencing where the trial court can change or a defendant can challenge other aspects of the defendant's original conviction and sentence. See, *id*.

Defendant's restitution was determined at his March 2012 sentencing as part of his original conviction; he had an opportunity to address any questions or concerns regarding the total amount or propriety of restitution by either raising the issue with the trial court or filing an application for leave to appeal within the allotted time period following entry of the March 13, 2012 judgment of sentence. He failed to do so. At the April 1, 2014 probation violation plea and sentence hearing, the only issue before the trial court was whether probation should be extended, modified, or revoked and a term of incarceration imposed.[7] MCR 6.445(G). Defendant was free to seek leave to appeal the trial court's probation revocation and imposition of a nine-month jail sentence, as reflected in the April 2, 2014 amended judgment of sentence, or the accuracy of the trial court's calculation regarding the residual amount of restitution due and owing. See MCR 6.445(H)(1)(b); MCR 7.202(6)(b)(*v*); MCR 7.203(B)(1); MRC 7.205(G). Determining restitution anew, however, was not the subject of those proceedings, and it is not within the scope of this appeal.

Second, even if the issue of restitution were properly before us, defendant would still not prevail because he specifically agreed to restitution and the method by which the amount would be determined as part of his plea agreement in exchange for a recommendation of probation. As noted above, the plea agreement entailed defendant pleading guilty to one of the two counts charged, dismissal of the second count, the prosecutor recommending probation, and the court assessing restitution "as is determined by the presentence investigator to be appropriate to the case." Thus, defendant cannot now challenge what he specifically agreed to as part of his plea agreement. The fact that restitution and the methodology of calculating it was part of the plea agreement was further confirmed at the time of defendant's March 12, 2012 sentencing hearing when his counsel stated that he did not have any additions, corrections, or deletions to the PSIR and asked the trial court to "follow the recommendation made by the probation department and also the plea bargain in this matter." The calculation of restitution, as "determined by the

---

[5] Pursuant to MCR 6.445(G), the trial court "may not sentence the probationer to prison without having considered a current presentence report and having complied with the provisions set forth in MCR 6.425(B) and (E)."

[6] MCL 6.445(G); MCR 6.425(E)(1)(f).

[7] The amended judgment of sentence merely reflected all other aspects of defendant's sentence.

presence investigator to be appropriate to this case" was in the PSIR, as planned and intended by the parties.[8]  As such, defendant is not entitled to relief.

Affirmed.

/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly

---

[8]  Even if one did not consider the imposition of restitution and its method of calculation to be a part of the plea agreement in this case, defendant clearly waived any right to contest the fact that it was owed or the amount to be paid under the circumstances described above.  "Waiver is defined as the intentional relinquishment or abandonment of a known right." *People v McKinley*, 496 Mich 410, 417 n 7; 852 NW2d 770 (2014) (quotation marks and citation omitted).  "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citation omitted).  Defense counsel's actions constitute waiver of an issue when he clearly expresses approval of the trial court's decision. *Id.* See also *People v Fetterley*, 229 Mich App 511, 520; 583 NW2d 199 (1998) (holding that a defendant could not "expressly acquiesce[] to the [trial] court's handling of" a matter "and then raise it as an error before this Court. . . . To hold otherwise would allow [the] defendant to harbor error as an appellate parachute").  At the time restitution was determined by the trial court, defendant's counsel specifically asked the court to "follow the recommendation made by the probation department and also the plea bargain in this matter."