# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY LAMAR BONNER,

Defendant-Appellant.

UNPUBLISHED
June 16, 2016

No. 326848
Eaton Circuit Court
LC No. 11-020244-FH

Before: SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

Defendant was convicted by a jury of three counts of assault with a dangerous weapon (felonious assault), MCL 750.82(1), but was acquitted of one count of felon in possession of a firearm, MCL 750.224f. The trial court placed defendant on probation, which included an order of restitution. Defendant's original convictions were affirmed by this Court in *People v Bonner*, unpublished opinion per curiam of the Court of Appeals, issued October 23, 2012 (Docket No. 307162). Defendant violated the terms of his probation and the trial court sentenced him to 24 to 96 months in prison with the order of restitution continued. Defendant appeals as of right. Because fact-finding incident to an order of restitution does not implicate defendant's constitutional right to a jury trial, we affirm.

In 2011, a jury found defendant guilty of three counts of felonious assault. The trial court sentenced defendant as an habitual offender, third offense, MCL 769.11, to 36 months' probation with the first 365 days to be served in jail. The trial court also ordered defendant to pay restitution. In 2013, and again in 2014, defendant violated his probation, which resulted in the trial court extending defendant's probation and ordering defendant to complete community service. Then, on March 9, 2015, the trial court found that defendant had again violated the terms of his probation. The trial court revoked defendant's probation, sentenced defendant to 24 to 96 months' imprisonment with credit for 373 days served, and continued defendant's

-1-

restitution obligation. Defendant later moved for resentencing, but his motion was denied by the trial court. Defendant now appeals as of right.[1]

On appeal, relying on *Southern Union Co v United States*, 567 US ___; 132 S Ct 2344, 2350-2351; 183 L Ed 2d 318 (2012), defendant argues that Michigan's restitution scheme is unconstitutional because it permits the trial court to impose restitution on the basis of facts not proven beyond a reasonable doubt or admitted by the defendant. In particular, in *Southern Union Co*, the Court concluded that criminal fines, as a form of punishment, were subject to the rule, under *Apprendi*, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 567 US at __; 132 S Ct at 2350, 2357, quoting *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000). Defendant now argues that these same principles should prevent the trial court from making factual determinations when imposing restitution.

Defendant's constitutional argument is plainly without merit in light of this Court's decision in *People v Corbin*, 312 Mich App 352; ___ NW2d ___ (2015). In that case, this Court specifically rejected a Sixth Amendment argument identical to that raised by defendant, concluding that judicial fact-finding to determine the appropriate amount of restitution does not implicate a defendant's Sixth Amendment right to a jury trial because "[a] criminal fine and restitution are not synonymous[.]" *Id.* at 372-373. In so holding, this Court examined the nature of restitution, we considered *Southern Union* as well as precedent from other jurisdictions addressing restitution under *Southern Union*, and we acknowledged our Supreme Court's recent *Apprendi*-related decision in *Lockridge*,[2] finding that "[n]othing in *Lockridge* suggests that its reasoning encompasses restitution orders entered in conjunction with sentencing." *Corbin*, 312

---

[1] On appeal, defendant initially raised two challenges involving the scoring of offense variables at sentencing, arguing that the scoring was clearly erroneous and that resentencing was required due to judicial fact-finding. However, since the filing of his appellate brief, defendant has served his minimum sentence and he has been paroled. In light of defendant's recent parole, his attorney has informed this Court that these sentencing issues should be considered withdrawn, presumably because his parole renders his sentencing claims moot. See *People v Kaczmarek*, 464 Mich 478, 481; 628 NW2d 484 (2001). Given defendant's express withdrawal of these arguments, we consider them abandoned and will not address them on appeal.

[2] In *Lockridge*, our Supreme Court considered the rule from *Apprendi* as extended to mandatory minimum sentencing by *Alleyne v United States*, __ US__; 133 S Ct 2151; 186 L Ed 2d 314 (2013). The Court concluded that Michigan's legislative sentencing guidelines are unconstitutional insofar as the guidelines require judicial fact-finding at sentencing which then mandatorily increases the minimum sentencing range under the guidelines. *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015).

Mich App at 372-373 & n 5.  In short, under *Corbin*, defendant's restitution argument is without merit.[3]

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder

---

[3] Given our conclusion that defendant's restitution challenge is meritless, we also reject defendant's contention that counsel provided ineffective assistance of counsel by failing to object to the order of restitution based on *Southern Union*.  Counsel is not ineffective for failing to raise a meritless objection.  See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).