WEAVER, J.
(concurring in part and dissenting in part). I concur in the result because it is true that the alleged error was harmless given that other evidence establishing defendant’s guilt was substantial.
However, the majority unwisely evades the question whether a defendant’s postarrest, pr e-Miranda [1] silence is admissible in a prosecutor’s case-in-chief.
I write separately because I disagree with the majority’s choice to evade and fail to decide the substantive issue that this Court specifically ordered to be briefed and argued in this case.
In October 2002, this Court granted leave to appeal, specifically limiting the grant to whether defendant’s postarrest, pr e-Miranda silence was admissible and whether defendant was denied the effective assistance *9 of counsel because trial counsel failed to object to the admission of testimony relating to defendant’s silence.[2] In April of 2003 this Court heard oral argument in the case. The Court failed to issue a decision by July 31, 2003, and ordered that the case be set for reargument and resubmission.[3] The parties again argued this case in October 2003, addressing the same questions— whether it was error for the prosecutor to have introduced defendant’s postarrest, pre-Miranda silence and whether defendant was denied the effective assistance of counsel because trial counsel failed to object to the evidence of defendant’s silence.
The majority now chooses to dodge the substantive issue — whether the defendant’s silence was admissible in the prosecutor’s case-in-chief — by skipping over the first two factors in People v Carines, 460 Mich 750, 763; 597 NW2d 130 (1999), whether error occurred and whether the error was plain, and moving directly to whether any hypothetical error would be harmless.[4] In declining to address whether error occurred, the major *10 ity leaves unanswered the question whether a defendant’s postarrest, pre-Miranda silence is admissible in the prosecutor’s case-in-chief.
The majority justifies its refusal to decide the substantive issue by referencing a principle of judicial review that “questions of constitutionality should not be decided if the case may be disposed of on other grounds.” J & J Constr Co v Bricklayers and Allied Craftsmen, 468 Mich 722, 734; 664 NW2d 728 (2003).
But that general principle does not apply here. The phrase used by the majority is a convenient and often-used shorthand for the principle that “[c]onsiderations of propriety, as well as long-established practice, demand that we refrain from passing upon the constitutionality of an act of Congress [or the Legislature] unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it.” Ashwander v Tennessee Valley Auth, 297 US 288, 341; 56 S Ct 466; 80 L Ed 688 (1936) (Brandeis, J., concurring).
One of the earliest applications of this rule in Michigan was in 1874, when this Court said “any consideration of the constitutional question might have been waived, upon the ground that a legislative act should not be declared unconstitutional unless the point is presented in such a form as to render its decision imperative . ...” Weimer v Bunbury, 30 Mich 201, 218 (1874).
The reasons behind such judicial restraint include the delicacy and finality of judicial review of legislative acts, separation of powers concerns raised by ruling on the acts of the other two branches of government, and the need to show respect for the other two branches of government. See Rescue Army v Muni Court of Los Angeles, 331 US 549, 571; 67 S Ct 1409; 91 L Ed 1666 *11 (1947), and Kloppenberg, Avoiding serious constitutional doubts: The supreme court’s construction of statutes raising free speech concerns, 30 UC Davis L R 1, 13-14 (Fall, 1996).
These concerns are not implicated here, because the constitutionality of an act of the Legislature or the Governor is not at issue. In deciding whether the defendant’s postarrest, pre-Miranda silence was admissible in the prosecutor’s case-in-chief, the Court would not be ruling on the validity of a legislative or executive decree, but on a lower court’s decision whether to admit certain testimony. See Kloppenberg, Avoiding constitutional questions, 35 B C L R 1003, 1054 (1994).
Evading the twice-argued question, and not resolving this substantive issue, leaves the lower courts without guidance from this Court. That drawback is illustrated by the fact that in May 2003 this Court ordered that People v Maxon be held in abeyance for this case. People v Maxon, 662 NW2d 753 (2003). In Maxon the question is whether defendant’s prearrest, pr e-Miranda silence was admissible during the prosecutor’s case-in-chief. By refusing to decide the issue now, the Court merely postpones the issue until another term.
This case has been in this Court for 1 1/2 years. The Court granted leave to appeal in the case, heard oral argument, and held the case over for reargument and resubmission. The majority now affirms the decision of the Court of Appeals on the ground of harmless error. The majority could have simply denied leave in October 2003. By avoiding the substantive issue the majority has wasted the time and resources of the parties and this Court.
The issue whether the prosecutor’s use of defendant’s postarrest, pr e-Miranda silence was error is *12 squarely before the Court. This case has been briefed, argued, and reargued. The parties and the people deserve a clear answer.

 Miranda v Arizona, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

 The October 30, 2003, order granting leave read: “On order of the Court, the delayed application for leave to appeal from the July 20, 2001 decision of the Court of Appeals is considered, and it is granted, limited to Issue I in the defendant’s application.” 654 NW2d 328 (2002). Defendant’s Issue I on his application for leave to appeal read:
Defendant was denied his state and federal constitutional rights to due process and a fair trial, where the prosecutor elicited evidence in his case-in-chief of defendant’s post-arrest silence; defendant was also denied his state and federal constitutional right to the effective assistance of counsel, where defense counsel failed to object.

 469 Mich 866 (2003).

 The three requirements to avoid forfeiture of an issue under the plain error rule are “1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.” Carines, supra at 763.